DONALD E. SMITH and ALICE B. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 17702-84.
United States Tax Court
T.C. Memo 1985-446; 1985 Tax Ct. Memo LEXIS 184; 50 T.C.M. (CCH) 904; T.C.M. (RIA) 85446; August 26, 1985. Howard S. Landa, for the petitioners. R. Alan Lockyear, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: Respondent determined deficiencies in petitioners' 1981 and 1982 Federal income tax liabilities in the respective amounts of $7,557 and $10,799. After concessions, the issue remaining for our consideration is whether petitioners are entitled to certain business expense deductions disallowed by respondent. Petitioners, Donald E. Smith (sometimes referred to hereinafter as "Donald") and Alice B. Smith, resided in Salt Lake City, Utah, at the time their petition was filed. This case was submitted fully stipulated pursuant to Rule 122. [1] The stipulation of facts is incorporated herein by this reference. For convenience, we have separately addressed each of the disputed deductions in combined findings of fact and opinion. *187 Rental Expense
Petitioners purchased a duplex in Salt Lake City, Utah, in 1977. During 1981, the ground floor apartment in the duplex was rented to petitioners' son, Terrell W. Smith ("Terrell"), and the second floor apartment was occupied rent-free by petitioners' daughter for three months of 1981. The second floor apartment was undergoing remodeling and was unoccupied during the remaining nine months of 1981. During 1982, the ground floor apartment was rented again to petitioner's son, and the second floor apartment was rented to "unknown parties." Petitioners reported rental income from the duplex in the respective amounts of $3,600 and $5,725 for 1981 and 1982, and deducted rental expenses of $17,578.05 and $11,049.16 for those years. There is no dispute as to the amounts. However, relying on section 280A, respondent has disallowed rental expenses in excess of gross rents received in each year. Section 280A(a) states the general rule that no deduction, with certain exceptions provided in Section 280A(b), may be taken with respect to a dwelling unit which is used as a residence by a taxpayer during the taxable year. Under section 280A(d)(1), a taxpayer is considered *188 to have used a dwelling unit as a residence during the taxable year if he uses the unit for personal purposes for a specified number of days. In making that calculation, the days on which the unit is rented to a member of the taxpayer's family are treated as days of personal use by the taxpayer unless the rent charged to the family member reflects the fair rental value of the unit. Sec. 280A(d)(2)(A); [2] sec. 280A(d)(3)(A). Respondent argues that petitioners have failed to establish that their son Terrell paid a fair rental amount for use of the ground floor apartment in 1981 and 1982. Respondent further argues that petitioners have not identified the tenant of the second floor apartment in 1982; nor have they allocated the gross rental received between the rental paid by their son and the rental paid by the "unknown parties." Petitioners have the *189 burden of proving that they were paid a fair rental by Terrell during 1981 and 1982 for purposes of determining the number of days that the duplex was used personally by petitioners during those years. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). [3] Since the record contains no evidence of the fair rental value of the duplex as a single unit, or as two separate apartment units, and since the record does not indicate what portion of the rent received in 1982 was paid by their son and what portion was paid by the "unknown parties," we sustain respondent on this issue. Per Diem, Repair and Interest Expenses
During the years 1981 and 1982, Donald owned a Kenworth tractor-trailer. On Schedule C of their 1981 Federal income tax return, petitioners deducted per diem expenses in the amount of $7,222.42 and repair expenses in the amount of $6,300.92, along with other expenses related to the operation of the truck. Respondent disallowed the claimed per diem and repair expenses in full for lack of substantiation. Petitioners claim that the records pertaining to the disputed *190 deductions are no longer available, because Truck Investment Enterprises, Inc. (hereinafter referred to as "T.I.E."), the organization which operated and managed Donald's truck for him through March of 1981, has gone out of business. The record herein contains no evidence as to whether the claimed expenses were incurred during the brief period in 1981 the truck was operated under the management of T.I.E. Nor is it clear who, if anyone, operated and managed the truck from March of 1981 through the end of that year. A taxpayer may deduct ordinary and necessary business expenses incurred during the taxable year in carrying on a trade or business. The deduction of business expenses is a matter of legislative grace and petitioners bear the burden of proving their entitlement to the deductions claimed. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a). Petitioners have provided no testimony, records or documentation to support the claimed per diem and repair expenses. Based on the general assertion that the records necessary to support the claimed deductions are unavailable, petitioners urge that we apply the rule in Cohan v. Commissioner,39 F.2d 540, 544 (2d Cir. 1930), *191 and make a reasonable approximation of the undocumented business expenses to which petitioners are entitled. Petitioners suggest that the per diem and repair expenses claimed on their 1981 Federal income tax return represent such a reasonable approximation, and that those expenses should be allowed in full. In order to invoke the Cohan rule, however, there must be some factual basis in the record upon which the Court may make an approximation. See Williams v. United States,245 F.2d 559, 560 (5th Cir. 1957). Since such a factual basis has not been established, we sustain respondent's determination on this issue. Also with respect to Donald's ownership of the tractor-trailer, petitioners claimed an interest expense deduction of $10,083 on their 1982 Federal income tax return. Respondent originally disallowed that deduction for lack of substantiation, but respondent now concedes that $6,224 thereof has been verified and is deductible. Since petitioners have not produced evidence to establish that they were entitled to deduct the full amount claimed, we sustain respondent's disallowance of the interest claimed with respect to the tractor-trailer in excess of *192 $6,224. Business Travel
Donald is a physician. In 1982 he took a "medical tour" of China, which included medical meetings and personal tours. On their 1982 Federal income tax return, petitioners deducted as employee business expenses $1,131 for travel and $1,892 for meals and lodging in connection with the China tour. Petitioners have failed to establish that the China tour expenses were not essentially personal in nature and that they related primarily to Donald's profession as a physician. Sec. 1.162-2(a) and sec. 1.162-2(b)(1), Income Tax Regs. Furthermore, petitioners have not substantiated the claimed expenses. Section 274(d)(1). Once again petitioners have failed to carry their burden of proof, and therefore we must sustain respondent's determination on this issue. To reflect concessions, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 280A(d)(2)(A) provides that a taxpayer's family member is defined as in section 267(c)(4). Section 267(c)(4) provides in relevant part that: The family of an individual shall include his * * * lineal descendants * * *. Petitioners' son and daughter are thus family members within the meaning of section 280A.↩
3. See Bindseil v. Commissioner,T.C. Memo. 1983-411↩.