T.C. Summary Opinion 2005-83

UNITED STATES TAX COURT

VERTA HILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5946-04S.                Filed June 16, 2005.

Verta Hill, pro se.

<u>Kathleen C. Schlenzig</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $2,745 for the taxable year 2001.

The issue for decision is whether petitioner is entitled to a casualty loss deduction of $19,068 for damage to her personal property and residence due to a flood.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Chicago, Illinois, on the date the petition was filed in this case.

During 2001, petitioner resided in a single-family home, consisting of a first floor and a full basement, in Chicago, Illinois. On or about August 2, 2001, a severe 3-hour thunderstorm dumped up to 4 inches of rain on a 30-mile corridor from Lake County, south through Cook County, and on to Kankakee. The flash flooding caused by the thunderstorm damaged thousands of homes. Governor George Ryan declared the area a State disaster area. Damage from the torrential rain shut down expressways and Chicago Transit Authority trains. The resulting runoff overwhelmed the city's combined storm and sewer systems, causing sewer backup flooding.

Petitioner returned home on August 2, 2001, to discover that her basement had flooded. Petitioner had insurance which,

unfortunately, did not cover flooding. Petitioner did not attempt to file any claim with her insurance carrier.

Petitioner timely filed a Federal income tax return for the 2001 taxable year. On her Form 1040, U.S. Individual Income Tax Return, petitioner claimed a casualty loss deduction of $19,068, after application of the $100 limitation, pursuant to section 165(h)(1), and the 10 percent of adjusted gross income limitation, pursuant to section 165(h)(2). Petitioner attached to the Form 1040 a Schedule A, Itemized Deductions, and a Form 4684, Casualties and Thefts, along with schedules that were meant to verify such casualty calculations.

On Form 4684, petitioner described the property for which she claimed a casualty loss as: "Clothing acquired 01-01-01, appliances, tools, and electronics". The Form 4684 reflected in pertinent part as follows:

```
Section A--Personal Use Property

Property Description                 Clothing acquired 01-01-01
Line A2.  Cost or other basis of each property        $9,200
Line A3.  Insurance or other reimbursement                 0
Line A5.  Fair market value before casualty or theft   8,900
Line A6.  Fair market value after casualty or theft        0
Line A7.  Subtract line 6 from line 5                  8,900
Line A8.  Enter the smaller of line 2 or line 7        8,900
Line A9.  Subtract line 3 from line 8                  8,900

Property Description                 Appliances
Line A2.  Cost or other basis of each property        $5,850
Line A3.  Insurance or other reimbursement                 0
Line A5.  Fair market value before casualty or theft   4,950
Line A6.  Fair market value after casualty or theft        0
Line A7.  Subtract line 6 from line 5                  4,950
Line A8.  Enter the smaller of line 2 or line 7        4,950
Line A9.  Subtract line 3 from line 8                  4,950

Property Description                 Tools
Line A2.  Cost or other basis of each property        $1,500
```

```
Line A3.    Insurance or other reimbursement              0
Line A5.    Fair market value before casualty or theft   1,500
Line A6.    Fair market value after casualty or theft        0
Line A7.    Subtract line 6 from line 5                   1,500
Line A8.    Enter the smaller of line 2 or line 7        1,500
Line A9.    Subtract line 3 from line 8                   1,500

Property Description                    Electronics
Line A2.    Cost or other basis of each property         $9,200
Line A3.    Insurance or other reimbursement                 0
Line A5.    Fair market value before casualty or theft   7,500
Line A6.    Fair market value after casualty or theft        0
Line A7.    Subtract line 6 from line 5                   7,500
Line A8.    Enter the smaller of line 2 or line 7        7,500
Line A9.    Subtract line 3 from line 8                   7,500

Line A10D.  Casualty or theft loss                       22,850
Line A11D.  The smaller of line 10 or $100                  100
Line A12D.  Subtract line 11 from line 10                22,750
Line A13D.  Add the amounts on line 12 of all
              Forms 4684                                 22,750
Line A14D.  Add the amounts on line 4 of all
              Forms 4684                                      0
Line A16D.  If line 14 is less than line 13, enter
              the difference                             22,750
Line A17D.  Enter 10% of your adjusted gross income
              from Form 1040, line 37                     3,682
Line A18D.  Total personal property loss amount         $19,068
```

Petitioner attached to her return a schedule for each category. Each schedule contained the following information: (1) A description of each item purportedly lost; (2) the quantity of each item purportedly lost; (3) the number of years prior to the loss that petitioner purportedly acquired each item of property; (4) the cost or other basis of each item of property; (5) the fair market value of each item of property before the casualty; and (6) the fair market value of the property following the casualty.

The schedules reflected in pertinent part as follows:

Schedule - Clothing 01-01-01 (Women's clothing)

| Item | No. of items | Date acquired[1] | Cost or other basis[2] | FMV before casualty | FMV after casualty |
|------|------|------|------|------|------|
| Blouses | 13 | | $30.00 | $390.00 | $0 |

| Item | No. of items | Cost or other basis | FMV before casualty | FMV after casualty |
|---|---|---|---|---|
| Work shoes | 3 | 130.00 | 390.00 | 0 |
| Coats | 4 | 140.00 | 560.00 | 0 |
| Dresses | 11 | 75.00 | 825.00 | 0 |
| Hats | 4 | 13.00 | [3]60.00 | 0 |
| Jackets | 3 | 75.00 | 225.00 | 0 |
| Scarves | 9 | 15.00 | 135.00 | 0 |
| Shirts | 12 | 30.00 | 360.00 | 0 |
| Shoes | 7 | 70.00 | 490.00 | 0 |
| Pants | 13 | 75.00 | [4]1,125.00 | 0 |
| Wind breaker | 2 | 75.00 | 150.00 | 0 |
| Suits | 9 | 129.00 | 1,161.00 | 0 |
| Sweaters | 7 | 25.00 | 175.00 | 0 |
| Sweatsuit | 11 | 12.00 | 132.00 | 0 |
| Nightgown | 10 | 20.00 | 200.00 | 0 |
| Leather coat | 2 | 175.00 | 350.00 | 0 |
| Softcover book | 25 | 8.50 | 212.50 | 0 |
| Hardcover book | 2 | 25.00 | 50.00 | 0 |
| Artwork | 1 | 75.00 | 75.00 | 0 |
| | | Total | $7,065.50 | 0 |

[1]Date item was acquired prior to the year of the casualty.
[2]Amount of individual item.
[3]Petitioner did not explain how she calculated this amount.  The appropriate calculation appears to be $52.
[4]Petitioner did not explain how she calculated this amount.  The appropriate calculation appears to be $975.

Schedule - Clothing 01-01-01 (Children's clothing)

| Item | No. of items | Date acquired[1] | Cost or other basis[2] | FMV before casualty | FMV after casualty |
|---|---|---|---|---|---|
| Blouses | 9 | | $30 | $135 | $0 |
| Boots | 2 | | 75 | 150 | 0 |
| Coats | 4 | | 60 | 240 | 0 |
| Dresses | 10 | | 35 | 350 | 0 |
| Gloves | 5 | | 2 | 10 | 0 |
| Hats | 3 | | 10 | 30 | 0 |
| Shirts | 13 | | 15 | 195 | 0 |
| Shoes | 4 | | 17 | 68 | 0 |
| Slacks | 10 | | 25 | 250 | 0 |
| Socks | 15 | | 3 | 45 | 0 |
| Sport jackets | 2 | | 20 | 40 | 0 |
| Sweaters | 6 | | 12 | 72 | 0 |
| Underwear | 20 | | 6 | 120 | 0 |
| Bras | 15 | | 10 | 150 | 0 |
| Undershirt | 25 | | 5 | 125 | 0 |
| Slips | 10 | | 5 | 50 | 0 |
| Long johns | 12 | | 6 | 72 | 0 |
| Tights | 5 | | 10 | 50 | 0 |
| | | | Total | [3]$2,152 | 0 |

[1]Date item was acquired prior to the year of the casualty.
[2]Amount of individual item.
[3]Petitioner added the total amounts for the women's clothing and children's clothing and then subtracted $317.50 for "depreciation" to calculate the amount of $8,900, used on the Form 4684 for clothing.  ($7,065.50 + $2,152 - $317.50 = $8,900)

Schedule - Appliances

| Item | No. of items | Date acquired[1] | Cost or other basis[2] | FMV before casualty | FMV after casualty |
|---|---|---|---|---|---|
| Carpet | 1 | | $2,500 | $2,500 | $0 |
| Sofa | 1 | | 1,250 | 1,250 | 0 |
| Television | 1 | | 575 | 575 | 0 |
| Deep freezer | 1 | | 475 | 475 | 0 |
| Refrigerator | 1 | | 550 | 550 | 0 |
| Desk | 2 | | 253 | 506 | 0 |
| | | | Total | [3]$5,856 | 0 |

[1]Date item was acquired prior to the year of the casualty.
[2]Amount of individual item.
[3]Petitioner decreased this amount by $900 for "depreciation" which resulted in a final claimed casualty loss for electronics of $4,956. However, petitioner only claimed a casualty loss of $4,950 for appliances.

Schedule - Tools

| Item | No. of items | Date acquired[1] | Cost or other basis[2] | FMV before casualty | FMV after casualty |
|---|---|---|---|---|---|
| Dryer[3] | 1 | | $460 | $460 | $0 |
| Washing mach. | 1 | | 400 | 400 | 0 |
| Snow blower | 1 | | 500 | 500 | 0 |
| Lawn mower | 1 | | 189 | 189 | 0 |
| | | | Total | [4]$1,549 | 0 |

[1]Date item was acquired prior to the year of the casualty.
[2]Amount of individual item.
[3]In the above schedule and on Form 4684 petitioner claims the dryer was a total loss. However, at trial, petitioner admitted that she repaired the dryer and did not throw it away.
[4]Petitioner did not decrease this amount for "depreciation".

Schedule - Electronics

| Item | No. of items | Date acquired[1] | Cost or other basis[2] | FMV before casualty | FMV after casualty |
|---|---|---|---|---|---|
| Computer | 1 | 2 years | $2,785 | $2,785 | $0 |
| Printer | 1 | 1 year | 1,400 | 1,400 | 0 |
| Games boys | 3 | 0 years | 35 | 105 | 0 |
| Sega Genesis | 1 | 0 years | 150 | 150 | 0 |
| Playstation 2 | 1 | 0 years | 230 | 230 | 0 |
| Games | 20 | 0 years | 50 | 1,000 | 0 |
| Supplies[3] | | 2 years | 3,400 | 3,400 | 0 |
| Computer books | 5 | 0 years | 35 | 175 | 0 |
| | | | Total | [4]$9,245 | 0 |

[1]Date item was acquired prior to the year of the casualty.
[2]Amount of individual item.
[3]Supplies include: software, files, disks, copier paper, etc.
[4]Petitioner decreased this amount by $1,700 for "depreciation" which resulted in a final claimed casualty loss for electronics of $7,500.

With respect to each item identified on each schedule, petitioner reported that the cost or other basis of the property was the same as the fair market value of the property before the casualty.  Petitioner also reported that each item had a fair market value of zero after the casualty.  However, once petitioner calculated the total purported loss for each category of property, petitioner reduced the loss for what she described as "depreciation" as follows:

| Category | FMV before casualty | Reduction for depreciation | Reported loss | Percentage reduction |
|----------|---------------------|----------------------------|---------------|----------------------|
| Clothing | $9,217.50 | $317.50 | $8,900.00 | 3.3% |
| Appliances | 5,850.00 | 900.00 | 4,950.00 | 15.4 |
| Tools | 1,500.00 | 0.00 | 1,500.00 | 0.0 |
| Electronics | 9,200.00 | 1,700.00 | 7,500.00 | 18.5 |

On January 7, 2004, respondent issued petitioner a notice of deficiency for taxable year 2001.  In the notice of deficiency, respondent disallowed petitioner's claimed casualty loss deduction and determined petitioner is liable for a deficiency in the amount of $2,745.

## Discussion

As a general rule, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving the Commissioner's determinations in the notice of deficiency to be in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  As one exception to this rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue relating to liability for

tax if the examination of the taxpayer's records for the subject year began after July 22, 1998, and the taxpayer maintained adequate records, satisfied the substantiation requirements, cooperated with the Commissioner, and introduced during the Court proceeding credible evidence with respect to the factual issue. In the present case, the burden does not shift with respect to any factual issue relating to petitioner's liability for the income tax deficiency because petitioner neither alleged that section 7491 was applicable nor established that she complied with the substantiation requirements of section 7491(a), as shown below. Sec. 7491(a)(2)(A) and (B).

Deductions are a matter of legislative grace and are allowed only as specifically provided by statute, and petitioner bears the burden of proving that she is entitled to the claimed deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). With these well-established propositions in mind, we must determine whether petitioner has satisfied her burden of proving that she is entitled to a casualty loss deduction allegedly incurred during taxable year 2001. Respondent argues that petitioner has failed to produce any credible evidence to substantiate her claimed loss, including the occurrence of any casualty, or, if a casualty occurred, the amount deductible.

Section 165(a)[1] allows as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.  Section 165(c) limits the allowance of losses in the cases of individuals.  Section 165(c)(3) allows as a deduction to an individual certain losses commonly referred to as casualty losses.  A casualty loss is allowable to an individual for a loss of property not connected with a trade or business or with a transaction entered into for profit if the loss results from "fire, storm, shipwreck, or other casualty", subject to limitations set forth in section 165(h).

Section 165(h)(1) provides that any loss of an individual described in section 165(c)(3) is allowed only to the extent that

---

[1]SEC. 165.  LOSSES.

(a) General Rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

  *  *  *  *  *  *  *

(c) Limitation on losses of individuals.--In the case of an individual, the deduction under subsection (a) shall be limited to--

  (1) losses incurred in a trade or business;

  (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and

  (3) except as provided in subsection (h), losses of property not connected with a trade or business or a transaction entered into for profit, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft.

the amount of the loss arising from each casualty exceeds $100. Section 165(h)(2) provides that if the personal casualty losses for a taxable year exceed the personal casualty gains for the year, the losses are allowable only to the extent of the sum of the personal casualty gains for that taxable year, plus so much of the excess as exceeds 10 percent of adjusted gross income for that taxable year. Thus, where there are no personal casualty gains for a taxable year, personal casualty losses (in excess of $100 per casualty) are allowable to the extent that they exceed 10 percent of adjusted gross income for that taxable year.

The method of valuation to be used in determining a casualty loss is prescribed in section 1.165-7(a)(2), Income Tax Regs., which provides as follows:

> (i)  In determining the amount of loss deductible under * * * [section 165], the fair market value of the property immediately before and immediately after the casualty shall generally be ascertained by competent appraisal.  This appraisal must recognize the effects of any general market decline affecting undamaged as well as damaged property which may occur simultaneously with the casualty, in order that any deduction under * * * [section 165] shall be limited to the actual loss resulting from damage to the property.

> (ii)  The cost of repairs to the property damaged is acceptable as evidence of the loss of value if the taxpayer shows that (a) the repairs are necessary to restore the property to its condition immediately before the casualty, (b) the amount spent for such repairs is not excessive, (c) the repairs do not care for more than the damage suffered, and (d) the value of the property after the repairs does not as a result of the repairs exceed the value of the property immediately before the casualty.

In the case of an item held for personal use, the amount deductible is governed by section 1.165-7(b)(1), Income Tax Regs., which provides that the amount of the loss to be taken into account for purposes of section 165(a) shall be the lesser of: (1) The amount which is equal to the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty, or (2) the amount of the adjusted basis for determining the loss from the sale or other disposition of the property involved.

Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses. As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which she is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of her own making. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without

such basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

Although we believe that petitioner sustained a casualty loss from flooding, she still has to substantiate the amount of the losses due to the casualty.

Petitioner testified that the flood which occurred in the Chicago area in August of 2001 resulted in her basement's taking on water, with the depth of this water being approximately 3 feet in one area of the basement and approximately 13 inches in another area of the basement. However, respondent claims that Joseph Ferrick, respondent's counsel, visited petitioner's home on the morning of November 27, 2004, and noted water damage no higher than 4 inches above the floor.

At trial, petitioner also testified: (1) She had the water pumped out of her basement by Mr. Davis; (2) that the walls, carpeting, and several personal property items which were kept in the basement were damaged or destroyed; (3) she and Mr. Davis made a list of the damaged property as the items were removed from the basement; and (4) that the amount of clothing damaged was excessive because she was "decorating" the first floor of the house and had moved most of her and her grandchild's clothing into the basement.

Petitioner introduced into evidence an alleged receipt from Mr. Davis, indicating a payment of $275 for his services in

removing water from petitioner's basement.  Attached to the receipt is a list of items allegedly removed from petitioner's basement and hauled away.  We do not find this receipt to be credible evidence.  The receipt does not contain Mr. Davis's address, business, or phone number.  The receipt does not state the date on which Mr. Davis provided his services.  In fact, the receipt is dated August 11, 2001, even though petitioner claims that Mr. Davis provided his services on August 2, 2001.  The inventory list attached to the receipt is also dated August 11, 2001, even though petitioner claims Mr. Davis made the inventory list on August 2, 2001.  The receipt and inventory list appear to have been created for the sole purpose of substantiating petitioner's claimed losses in anticipation of litigation and neither document has been authenticated by Mr. Davis.

Petitioner had insurance at the time of the casualty.  However, petitioner testified that she did not file a claim with her insurance company because her policy did not cover flood damage.

Petitioner also testified as to her calculation of her claimed casualty loss deduction.  Petitioner calculated such casualty loss deduction by inventorying the damaged and destroyed carpeting and personal property items as they were "hauled away".  She then found similar items over the Internet and used the similar items' purchase prices as the amount of her "cost or

other basis" in the damaged property items. Petitioner then totaled the fair market values of the damaged property items by categories: clothing, tools, electronics and appliances (as shown above). Petitioner then "depreciated" the total amount of the category by a percentage she felt was fair. It appears that petitioner had no reasoning for the amount chosen to "depreciate" each category. Petitioner then calculated her casualty loss by using the sum of all the depreciated values and applying the limitations of section 165(h).

Petitioner did not attempt to obtain actual receipts for any of the damaged items. Petitioner did not call as witnesses to substantiate the casualty loss, Mr. Davis, who allegedly helped her pump the water out of her basement and helped her dispose of the damaged or destroyed items of personal property, or any other individual.

Petitioner has presented no reliable evidence of any repairs made to her single-family home or to the personal property items that were damaged or destroyed as a result of the flood. Petitioner has offered as evidence to support that she actually sustained a casualty loss: (1) A receipt issued by Mr. Davis that purports to identify the items lost in the purported flood of her basement; and (2) petitioner's own testimony. Petitioner has provided as evidence to support the amount of the actual casualty loss: (1) Petitioner's estimate of the cost of each

item; (2) petitioner's estimate of the fair market value of each item immediately prior to the purported casualty; (3) copies of Internet catalog and web pages reflecting items petitioner claims to have lost in the purported casualty that were collected by petitioner in anticipation of litigation; and (4) petitioner's self-serving testimony.  This Court is not bound to accept a taxpayer's unverified and self-serving testimony.  Blodgett v. Commissioner, 394 F.3d 1030, 1036 (8th Cir. 2005), affg. T.C. Memo. 2003-212; Shea v. Commissioner, 112 T.C. 183, 189 (1999).  Because petitioner has failed to corroborate her testimony or provide any substantiation to support her claimed amount of casualty loss, we find that we cannot estimate any amounts of petitioner's deductions under the Cohan rule, and we sustain respondent's disallowance of petitioner's claimed casualty loss deduction in the amount of $19,068.

We have considered all of the other arguments made by the parties, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.