W. Horace WILLIAMS, Sr., and Viola
Bloch Williams, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 16545.

United States Court of Appeals
Fifth Circuit.

June 18, 1957.

Rene H. Himel, Jr., Elton C. Lasseigne,
Deutsch, Kerrigan & Stiles, New Or-
leans, La., for plaintiffs-appellants, Eber-
hard P. Deutsch, New Orleans, La., of
counsel.

Walter Akerman, Jr., Atty., Dept. of
Justice, Washington, D. C., Charles K.
Rice, Asst. Atty. Gen., Lee A. Jackson,
Ellis N. Slack, Robert N. Anderson,
Attys., Dept. of Justice, Washington, D.
C., Prim B. Smith, Jr., Asst. U. S. Atty.,
M. Hepburn Many, U. S. Atty., New
Orleans, La., for appellee.

Before RIVES, JONES and BROWN,
Circuit Judges.

JOHN R. BROWN, Circuit Judge.

On a trial without a jury, the District
Court held that Taxpayer, president,
director and substantial stockholder (ap-
proximately 40%) of W. Horace Williams
Company, Inc., had not brought forward
"* * * sufficient evidence to establish
with any reasonable certainty the amount
of * * * entertainment and other
expenses." On that the Court made a
conclusion of law that "The expense al-
lowance to * * * [Taxpayer] * * *
was not substantiated as an entertain-
ment expense, and constitutes additional
compensation to * * *" him.

The facts are amazingly simple: W.
Horace Williams Company, Inc., incor-
porated in 1950, was established as a suc-
cessor to the partnership of W. Horace
Williams Company, which the evidence
showed, and the Court found, was a large,
highly successful and reputable engineer-
ing construction company operating prin-
cipally in Louisiana. At the outset the
Board of Directors, acting independently,
by formal resolution fixed the president's
salary at $3500 per month, and, in keep-
ing with the previous years' practice
while the business was operated as a

partnership, granted an expense allowance of $500 per month ($6,000 per year) for which he would not have to account. Its purpose was to enable the president to engage in extensive entertainment of executives and responsible leaders of potential customers of the firm without subjecting him to the tedious responsibility of detailed accounting for such expenditures. There is no suggestion or finding, and none would be warranted,[1] that its purpose was tax evasion or avoidance.

But the Taxpayer made no effort to establish how much he spent or in any way identify any of it with respect to any particular entertainment, either of event, persons, or amounts. All he could say was that he was certain that he spent all or more than all of it in paying for food, liquor and travel in the entertainment of customers. The Court did not reject this as untrustworthy, suspicious or morally doubtful evidence. On the contrary, the Court held that Taxpayer "* * * doubtless did have certain entertainment and other expenses in 1950 in connection with the performance of his duties as president of * * *" the corporation.

What the Court held was that in a suit for refund, the burden is on the Taxpayer to show the tax wrongfully collected, Reinecke v. Spalding, 280 U.S. 227, 50 S.Ct. 96, 74 L.Ed. 385; Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623, and this carries a burden of demonstrating with some substantiality how much entertainment expense was actually paid or incurred.

■ That the trier, whether District Court or Tax Court, might have considerable latitude[2] in making estimates of amounts probably spent in the light of accepted practice amongst law-abiding businessmen of moral standing considering the nature and kind of records which might reasonably be kept for such expenditures, Cohan v. Commissioner, 2 Cir., 39 F.2d 540, 543, certainly does not require that such latitude be employed. The District Court may not be compelled to guess, or estimate. It may not be compelled to estimate even though such an estimate, if made, might have been affirmed. For the basic requirement is that there be sufficient evidence to satisfy the trier that *at least* the amount allowed in the estimate was in fact spent or incurred for the stated purpose. Until the trier has that assurance from the record, relief to the taxpayer would be unguided largesse.

■ Here the evidence did not offer that assurance to the District Court. His negative finding of insufficient evidence

1. In companion litigation by the corporation, the Court held (no appeal was taken by the Government) that the salary of $42,000, considering the president's standing, ability and contribution to the gross business and profits of the corporation, was reasonable and that, while the $6,000 deducted by the corporation specifically as entertainment allowance paid to the president, was not adequately established as such by proof of entertainment expenses *paid* or *incurred*, it, added to the $42,000, was reasonable compensation for his services and hence deductible by the corporation as an ordinary and necessary business expense. Approximately $2500 in other entertainment expenses identified on the corporation's books and paid directly by it was also allowed.

2. The Taxpayer points also to Heil Beauty Supplies, Inc., v. Commissioner, 1950 P.H. T.C. Mem. Dec. #50305, affirmed

8 Cir., 199 F.2d 193, and Revenue Ruling 54-195, C.B. 1954-1, p. 47: "Due consideration should be given to the reasonableness of the taxpayer's stated expenditures for the claimed purposes in relation to his reported income, to the reliability and accuracy of his records in connection with other items more readily lending themselves to detailed record-keeping, and to the general credibility of his statements in the light of the entire record of the case. Disallowing amounts claimed for such items merely because there is available no documentary evidence which will establish the precise amount beyond any reasonable doubt ignores commonly-recognized business practice as well as the fact that proof may be established by credible oral testimony."

See also the recent case, The Home Sales Company v. Commissioner, CCH Dec. 22,379(M), T.C. Mem. 1957-78.

to afford a guide for the allowance of all claimed or, if not that, as a lesser amount a fair estimate, was not clearly erroneous, Fed.Rules Civ.Proc. rule 52(a), 28 U.S. C.A. Certainly we could not compel the Court to allow the full $6,000 and between that figure and zero, the Taxpayer offered not a single guide, by illustration or otherwise upon which to exercise the asserted capacity to resolve by estimation. The Taxpayer failed reasonably to establish, Section 22(n) (3), 26 U.S. C.A. 1952 Ed. § 22(n) (3), the " * * expenses *paid* or *incurred* by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer * * *."

Affirmed.