T.C. Summary Opinion 2003-162


UNITED STATES TAX COURT


MICHAEL ROBERT COTTRELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 127-03S.                    Filed November 18, 2003.


Michael Robert Cottrell, pro se.

<u>Douglas S. Polsky</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered

---

[1] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,652 in petitioner's Federal income tax for 2000.

The sole issue for decision is whether petitioner is entitled to deductions for trade or business expenses under section 162(a). The Court's holding on that issue will determine petitioner's liability for self-employment taxes, a deduction for one-half of such taxes, and petitioner's entitlement to an earned income credit.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Jefferson City, Missouri.

During the first 8 months of the year 2000, petitioner was self-employed as a plasterer. For the last 4 months of the year, petitioner was an employee, for which he earned wage income.

For the year 2000, petitioner filed a Federal income tax return, utilizing Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents. On that return, petitioner reported $9,717 in wage and salary income. He reported no other income. His return did not include any income or expenses in connection with petitioner's trade or business as a plasterer.

Based on information returns filed by third-party payers, respondent determined that petitioner realized income from such payers that was not included on petitioner's income tax return. These payments totaled $5,700. In his petition and at trial, petitioner conceded he had received the payments, and that such payments were for plastering and stucco work he performed during the first 8 months of the year 2000. However, in his petition and at trial, petitioner contended that at least 50 percent of the payments he received went toward materials used on the job, an additional 25 percent went toward subcontracted labor, and, beyond that, the remainder of the payments was offset by "pre-owned capital losses and outstanding debts incurred". Thus, petitioner's position is that he realized no net income from his business activity during the year 2000.

At trial, petitioner presented no books and records to substantiate his claimed expenses. He testified that he maintained "fairly good records"; however, those records were lost when he was evicted from his apartment. He made no effort to reconstruct his records for trial of this case. Petitioner contends he paid workers he employed in cash but never exacted receipts from them. Although petitioner contended that he maintained records of these cash payments, those records were lost in the eviction proceeding. Petitioner gave no testimony and presented no documentary evidence regarding the allegation

in his petition that he sustained capital losses in prior years that would offset his net income during 2000. In his testimony, petitioner acknowledged that, during 2000, he received other payments for services performed in his business activity, as to which no information returns were filed by such payers with the Internal Revenue Service. These additional payments were not included as income on petitioner's 2000 income tax return. Petitioner did not indicate in his testimony the amounts of these additional payments, nor did respondent pursue the matter.

Deductions are a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). The taxpayer bears the burden of proof, which means the presentation of adequate documentation to support the deductions claimed on tax returns. Rule 142; Welch v. Helvering, 290 U.S. 111, 115 (1933). It is also the taxpayer's responsibility to maintain records sufficient to enable the Commissioner to determine the correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438 (2001); sec. 1.6001-1(a), Income Tax Regs. The taxpayer must substantiate both the amount and purpose of the claimed deductions. Higbee v. Commissioner, supra.[2]

---

[2] Sec. 7491, under certain circumstances, places the burden of proof on the Commissioner in connection with proceedings arising from the examination of returns that commenced after July 22, 1998. Although it is obvious that petitioner's 2000 return was examined after July 22, 1998, the applicability of sec. 7491 in shifting the burden to the
(continued...)

As noted earlier, petitioner presented no books and records to substantiate his claim that expenses and losses from prior years totally offset the income he realized from his trade or business activity during 2000. Although petitioner's records for the year 2000 were lost, petitioner made no attempt to reconstruct his records or to offer any other evidence that would satisfy the Court that the income at issue was offset by trade or business expenses or losses. Of concern to the Court is petitioner's admission at trial that he received other income payments during 2000 in his trade or business activity that were not reported by the payers to the Internal Revenue Service, and which petitioner did not include as income on his income tax return.

Section 6001 requires generally that every person liable for any tax keep such records, render such statements, make such returns, and comply with such regulations as the Secretary may from time to time prescribe. Section 1.6001-1(a), Income Tax Regs., provides, in pertinent part, that "any person subject to tax under subtitle A of the Code * * *, shall keep such

_____

[2](...continued) Commissioner is conditioned upon the taxpayer's introduction of credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer and the taxpayer's cooperation with reasonable requests for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). The facts of this case do not demonstrate to the Court that the burden of proof shifted to respondent.

permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax".

Under certain circumstances, where a taxpayer establishes entitlement to a deduction but does not establish the amount of the deduction, the Court is allowed to estimate the amount allowable. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, there must be sufficient evidence in the record to permit the Court to conclude that a deductible expense was incurred in at least the amount allowed. See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). In estimating the amount allowable, the Court bears heavily against the taxpayer whose inexactitude is of his or her own making. See Cohan v. Commissioner, supra at 544.

In this case, since there is both unreported gross income and unsubstantiated expenses, the Court is unable to allow any deductions to petitioner under Cohan v. Commissioner, supra. Accordingly, the Court sustains respondent in this case.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.