T.C. Summary Opinion 2004-3

UNITED STATES TAX COURT

STEPHAN BARTSCH AND EVA BARTSCH, a.k.a. EVA POTT BARTSCH,
Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18872-02S.                    Filed January 20, 2004.

Stephan Bartsch, pro se.

<u>Margaret S. Rigg</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.[1]  The decision to

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 1999,
the taxable year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1999 in the amount of $1,549.

After a concession by respondent,[2] the sole issue for decision is whether petitioners are entitled to a moving expense deduction in excess of the amount allowed by respondent. We hold that they are to the extent provided herein.

Background

Some of the facts have been stipulated, and they are so found. Petitioners resided in Berkeley, California, at the time that their petition was filed with the Court.

Stephan Bartsch (petitioner) and Eva Bartsch[3] (Mrs. Bartsch) are a married couple. Petitioner is a citizen of Switzerland. Mrs. Bartsch is a citizen of Germany. Before 1997, petitioner and Mrs. Bartsch lived in a rented apartment in Zurich, Switzerland.

In 1997, petitioner earned a Ph.D. degree in molecular

---

[2] Respondent concedes that petitioners are entitled to a lifetime learning credit under sec. 25A based on a payment in the amount of $9,125.

[3] Petitioner Eva Bartsch did not appear at trial and did not execute the stipulation of facts. Accordingly, the Court will dismiss this action as to her. See Rule 123(b). However, decision will be entered against petitioner Eva Bartsch consistent with the decision entered against petitioner Stephan Bartsch as to the deficiency in tax.

biology and genetics from a university in Zurich.  During that time, Mrs. Bartsch attended medical school at the University of Zurich.

On March 14, 1997, after completing his Ph.D. degree, petitioner came to the United States from Zurich to work as a postdoctoral research scientist at Columbia University in New York City.  Petitioner entered the United States on a J-1 visa. Petitioner's job at Columbia University was indefinite in duration.  Petitioner lived in an apartment while in New York City.

While petitioner lived and worked in New York City, Mrs. Bartsch remained in Zurich and continued to attend classes at the University of Zurich.  Mrs. Bartsch visited petitioner on several occasions while he lived in New York City.

In 1999, Mrs. Bartsch was accepted into a clinical residency program beginning in June 1999 at Stanford University in Palo Alto, California.  Mrs. Bartsch incurred tuition expenses in the amount of $9,125 for the clinical residency program.  As a result of Mrs. Bartsch's residency at Stanford University, petitioner accepted a position as a research associate at the University of California in Berkeley, California.

Before June 2, 1999, petitioner traveled to Zurich to assist Mrs. Bartsch with her move to the United States. Petitioner and Mrs. Bartsch rented a truck and moved most of their household

goods and personal effects from their Zurich apartment into a storage facility in Saigans, Switzerland.

On June 2, 1999, petitioner and Mrs. Bartsch flew from Zurich to New York City.  Mrs. Bartsch entered the United States on a J-2 visa.  Petitioner and Mrs. Bartsch brought some personal effects with them from Zurich.  Petitioner and Mrs. Bartsch then packed their possessions in the New York City apartment and the items brought from Zurich.

On June 9, 1999, petitioner and Mrs. Bartsch flew from New York City to San Francisco.  At that time, a professional moving company moved by truck 20 boxes of household goods and personal effects from petitioner's New York City apartment to Berkeley.

During the move to Berkeley, the moving company lost one of petitioner's boxes.  According to petitioner, the box contained in-line skates and outdoor gear.  Petitioner filed a claim with the moving company in the amount of $2,350.  The moving company denied petitioner's claim.

On June 16, 1999, petitioner entered into a rental agreement for storage space with AAAAA Rent-A-Space (AAAAA Storage) in Berkeley.  Petitioner placed the household goods moved from New York City into storage for a short time.  Petitioner incurred a monthly storage expense in the amount of $79.

Petitioner and Mrs. Bartsch jointly filed a Form 1040, U.S. Individual Income Tax Return, for 1999.  The income reported on

the 1999 return consisted solely of wages earned by petitioner in the amount of $23,964. Petitioner claimed a moving expense deduction in the amount of $8,298 on the 1999 return. Petitioner's moving expense deduction included the cost of moving the household goods and personal effects from New York City to Berkeley, the cost of moving household goods from Zurich to Saigans, the cost of petitioner's travel from Zurich to San Francisco, the cost of Mrs. Bartsch's travel from Zurich to San Francisco, the costs of storage in both Saigans and Berkeley, and the cost or value of the contents of the box lost by the moving company.

In the notice of deficiency, respondent allowed petitioners a moving expense deduction of $955. Respondent contends that petitioners are not entitled to a moving expense deduction in any amount greater than that allowed by respondent.

Discussion

In general, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to show that the determinations are incorrect. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).[4]

---

[4] Sec. 7491 does not apply in this case to shift the burden of proof to respondent if for no other reason than that petitioner failed to establish that he fully complied with the substantiation requirements of sec. 7491(a)(2)(A).

Deductions are strictly a matter of legislative grace, and a taxpayer bears the burden of proving his or her entitlement to the claimed deductions. Rule 142(a)(1); see New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra; cf. sec. 7491(a)(2). Taxpayers are required to maintain records sufficient to substantiate their claimed deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. This includes the burden of substantiating the amount and purpose of the items claimed. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. If claimed deductions are not adequately substantiated, we may estimate them, provided we are convinced that the taxpayer incurred such expenses and we have a basis upon which to make an estimate. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Section 217(a) provides a deduction for moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee at a new principal place of work.

Deductible moving expenses under section 217(a) include only the reasonable costs: (1) Of moving a taxpayer's household goods and personal effects from the former residence to the new

residence; and (2) of traveling, including lodging, from the former residence to the new place of residence.  Sec. 217(b)(1).

A.  Cost of Moving Household Goods From Zurich to Saigans

For purposes of section 217, "former residence" refers to the taxpayer's principal residence before his departure for his new principal place of work.  Sec. 1.217-2(b)(8), Income Tax Regs.  Principal residence does not include other residences owned or maintained by the taxpayer or members of the taxpayer's family.  Id.  Whether property is used by the taxpayer as his principal residence depends upon all the facts and circumstances in each case.  Id.

Before his June 1999 move to Berkeley, petitioner lived in New York City.  Petitioner had lived and worked in New York City since completing his Ph.D. degree in 1997.  Additionally, petitioner's employment at Columbia University was not a temporary position.  On the basis of the record, we find that petitioner's former residence before his move to Berkeley was New York City, not Zurich.  Therefore, we hold that petitioner is not entitled to deduct the cost of moving any household goods from Zurich to Saigans.  See sec. 217(b)(1)(A).

B.  Petitioner's Cost of Traveling From Zurich to San Francisco

The travel cost from the former residence to the new place of residence is a deductible moving expense.  See sec. 217(b)(1)(B).

As discussed above, petitioner's former residence for purposes of section 217 was New York City.  Therefore, we hold that petitioner is not entitled to deduct his travel expenses from Zurich to San Francisco.  See sec. 217(b)(1)(B).[5]

### C. Cost of Travel for Mrs. Bartsch from Switzerland to San Francisco

Mrs. Bartsch moved to Berkeley to enroll in a clinical residency program at Stanford University.  Mrs. Bartsch did not move to Berkeley in connection with the commencement of work as an employee.  Accordingly, Mrs. Bartsch's travel cost from Zurich to San Francisco is not deductible under section 217(a).

In addition, section 217(b)(2) provides that a taxpayer may deduct the expenses incurred in moving a member of the taxpayer's household if such individual has both the former residence and the new residence as his principal place of abode.  See also sec. 1.217-2(b)(10)(i), Income Tax Regs.  A member of the taxpayer's household includes any individual residing at the taxpayer's residence who is neither a tenant nor an employee of the

---

[5] Although petitioner's travel expenses from New York City to San Francisco might otherwise be a deductible expense under sec. 217(b)(1)(B), petitioner has failed to substantiate such an expense.  Petitioner offered no documentary evidence, such as a canceled check, receipt, credit card statement, or airline ticket, nor does the record negate the possibility that some portion of petitioner's travel expenses might have been subject to reimbursement.  Accordingly, we decline to invoke the rule in Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), to estimate the travel expense to which petitioner might be entitled because the record provides no basis for making such an estimate.

taxpayer.  Id.  In Paquio v. Commissioner, T.C. Memo. 1981-2, the cost of transporting the taxpayer's two children from the Philippines to the United States was not a deductible moving expense under section 217(a) because before their move the two children did not share the taxpayer's former residence in the United States as their principal place of abode.

Mrs. Bartsch lived in Zurich when petitioner moved to New York City in 1997.  Mrs. Bartsch continued to live and attend school in Zurich until petitioner moved to Berkeley in June 1999. Although Mrs. Bartsch visited petitioner while he lived in New York City, she did not make petitioner's residence in New York City her principal place of abode before petitioner's move to Berkeley.  Therefore, petitioner is not entitled to a moving expense deduction under section 217(a) for Mrs. Bartsch's travel cost from Zurich to San Francisco.

D.  Storage Costs

Expenses of moving household goods and personal effects include the costs of in-transit storage.  Sec. 1.217-2(b)(3), Income Tax Regs.  Storage expenses are in-transit if they are incurred within any consecutive 30-day period after the day such goods are moved from the taxpayer's former residence and prior to delivery at the taxpayer's new residence.  Id.

The storage cost in Saigans was not incurred within the applicable 30-day period.  See id.  Additionally, the storage

cost in Saigans was not incurred as petitioner's goods were moved between New York City, petitioner's former residence, and Berkeley, petitioner's new residence.  Therefore, the storage cost incurred by petitioner in Saigans was not incurred in transit during petitioner's move from New York City to Berkeley.  Accordingly, the Saigans storage cost is not a deductible moving expense for purposes of section 217(a).

However, petitioner's AAAAA Storage expense was incurred during the 30-day period after the goods were moved from petitioner's former residence, New York City, and before delivery at petitioner's new residence, Berkeley.  Accordingly, we hold that petitioner is entitled to an additional moving expense deduction under section 217(a) in the amount of $79 for the in-transit storage expense.

E.  Cost of Box Lost in Transit

Petitioner has failed to substantiate the claimed loss of $2,350 with respect to the box lost in transit from New York City to Berkeley.  Petitioner did not offer any evidence other than his testimony with respect to the cost or value of the contents of the box.  There is no basis in the record for the Court to estimate such an expense under the Cohan rule.  As such, we need not decide whether the value of the box that petitioner claims was lost by the moving company is a deductible moving expense for purposes of section 217.  Accordingly, we hold that petitioner is

not entitled to a moving expense deduction for the box lost while in transit.

F. Conclusion

We hold that petitioner is entitled to an additional moving expense deduction in the amount of $79.

We have considered all of the other arguments made by the parties and, to the extent that we have not specifically addressed them, we find them to be without merit and/or irrelevant.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

> An order of dismissal as to petitioner Eva Bartsch will be entered, and decision will be entered under Rule 155.