T.C. Summary Opinion 2004-56


UNITED STATES TAX COURT


GEORGE W. MOSS AND GWENDOLYN ARLINE-MOSS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11414-02S.                    Filed May 12, 2004.


George W. Moss and Gwendolyn Arline-Moss, pro sese.

<u>Timothy S. Murphy</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' Federal income tax of $1,694 for 1998.  Petitioners concede as correct respondent's adjustments for:  (a) Charitable contributions of $485[1] on Schedule A, Itemized Deductions; (b) repairs expense of $1,175 on Schedule E, Supplemental Income and Loss; and (c) labor expenses of $450 on Schedule E.  Respondent concedes that petitioners are entitled to deduct:  (1) Travel expenses of $3,319 on Schedule C, Profit or Loss From Business; and (2) miscellaneous expenses of $400 on Schedule E.  The issue remaining for decision is whether petitioners are entitled to deduct on Schedule C, $4,067 of telephone expenses.

Some of the facts have been stipulated and are so found.  The stipulation of facts and exhibits received in evidence are incorporated herein by reference.  At the time the petition was filed, petitioners resided in Flint, Michigan.

## Background

During the year 1998, Gwendolyn Arline-Moss (petitioner) was employed by the State of Michigan as a supervisor in the Office of Financial Management.  She also worked part-time as a real estate agent for Robert Edwards and Associates (Edwards).  There were 63 agents at the company and only 12 desks from which to work.  Due to the difficulty in obtaining work space at the

---

[1]The amount of the adjustment was misstated as $450 during the oral agreement on the record.

Edwards office, petitioner set up an office in the basement of her home.

She had installed in her basement office an Ameritech telephone line that was separate from the personal home telephone. The Ameritech line serviced her business phone number, a Fax number, and an internet line. Petitioner was also billed by Ameritech for cell phone service. Petitioner paid Ameritech $4,128.24 for telephone services in 1998.

## Discussion

Because petitioners failed to meet the requirements of section 7491(a)(2), the burden of proof does not shift to respondent in this case.

Section 162(a) allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business. Generally, a taxpayer must establish that deductions taken pursuant to section 162 are ordinary and necessary business expenses and must maintain records sufficient to substantiate the amounts of the deductions claimed. Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

Where a taxpayer has established that he has incurred a trade or business expense, failure to prove the exact amount of the otherwise deductible item may not always be fatal. Generally, unless precluded by section 274, the Court may

estimate the amount of such an expense and allow the deduction to that extent. See <u>Finley v. Commissioner</u>, 255 F.2d 128, 133 (10th Cir. 1958), affg. 27 T.C. 413 (1956); <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, however, there must be some basis upon which an estimate may be made. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985). Without such a basis, an allowance would amount to unguided largesse. <u>Williams v. United States</u>, 245 F.2d 559, 560 (5th Cir. 1957).

With respect to certain business expenses specified in section 274(d), however, more stringent substantiation requirements apply. Section 274(d) disallows deductions for traveling expenses, gifts, and meals and entertainment, as well as for "listed property", unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) The amount of the expenses; (2) the time and place of the expense; (3) the business purpose of the expense; and, (4) the business relationship to the taxpayer of the persons involved in the expense. The term listed property is defined in section 280(F)(d) and includes cellular phones, and other similar telecommunications equipment, such as pagers. See sec. 280F(d)(4)(v).

The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain records, together

with documentary evidence substantiating each element of the expense sought to be deducted.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioners submitted copies of Ameritech phone bills for 1998 that contain summary information on petitioner's telephone charges but give no detail on the nonbasic and larger charges included in the total bill.  For example, each bill shows a monthly service charge, and separate charges for local and long distance service, and for taxes.   For some months, the bills show separate charges for internet service and for paging.  Still other monthly bills show, in some cases, hundreds of dollars of charges for which there is no explanation.  The face of the bill states:  "For Detailed Charges  - See Page 3".  There is, however, no page 3 available for any of the bills.  With respect to what the Court assumes from petitioners' testimony may be cell phone charges, there is nothing in the record meeting the requirements of sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  If the charges were other than cell phone charges, petitioners have failed to offer any explanation or any substantiation for them.

Petitioners, for the real estate business phone, paid $1,148.15 for monthly service charges, and separate charges for local and long distance service, taxes, internet service, and paging.  The Court finds that petitioners have failed to properly

substantiate telephone charges in connection with a trade or business in excess of that amount.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered under Rule 155</u>.