T.C. Memo. 2005-280


UNITED STATES TAX COURT


KENNETH W. STEJSKAL, SR. AND JANE STEJSKAL, ET AL.,[1] Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 2275-04, 2276-04,      Filed December 5, 2005.
          2277-04, 2278-04.


Joe Alfred Izen, Jr., for petitioners.

Daniel N. Price, for respondent.


--------

    [1]Cases of the following petitioners are consolidated
herewith:  Stejskal Enterprises Trust, docket No. 2276-04; Total
Health Center Trust, docket No. 2277-04; and Bioactive Kansas
Trust, docket No. 2278-04.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies in and additions to tax with respect to petitioners' Federal income tax for 1999 as follows:

| | | Additions to tax/penalties Internal Revenue Code | |
| Docket No. | Deficiencies | Sec. 6651(a)(1) | Sec. 6662(a) |
| --- | --- | --- | --- |
| 2275-04 | $112,919 | $16,937.85 | $22,583.80 |
| 2276-04 | 347,030 | 52,054.50 | 69,406.00 |
| 2277-04 | 374,189 | 56,128.35 | 74,837.80 |
| 2278-04 | 373,621 | 56,043.15 | 74,724.20 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The deficiencies included "whipsaw" determinations against petitioner trusts in the event that the validity of the trusts was sustained by the Court.  However, in a stipulation of settled issues, the parties agreed:

> 1.  Stejskal Enterprises Trust, Bioactive Kansas Trust, and Total Health Center Trust should be disregarded for tax purposes because the trusts were grantor trusts, lacked economic substance, or were assigned income attributable to Petitioners Kenneth W. Stejskal, Sr. and Jane Stejskal.

> *    *    *    *    *    *    *

> 3.  All income reported by Stejskal Enterprises Trust, Bioactive Kansas Trust, and Total Health Center Trust is properly reportable by Petitioners Kenneth W. Stejskal, Sr. and Jane Stejskal on their Individual Income Tax Return, Form 1040, on Schedule C, Profit or Loss from Business.

4.  All substantiated expenses allowed under the I.R.C. attributable to Stejskal Enterprises Trust, Bioactive Kansas Trust, and Total Health Center Trust are properly reportable by Petitioners Kenneth W. Stejskal, Sr. and Jane Stejskal on their Individual Income Tax Return, Form 1040.

At trial, petitioners conceded the addition to tax under section 6651(a)(1) and the penalty under section 6662 with respect to Kenneth W. Stejskal, Sr., and Jane Stejskal (petitioners).  After these concessions, the issues for decision are whether gross receipts reported by Bioactive Kansas Trust were counted twice when the income of the several trusts was reallocated to petitioners and whether petitioners are entitled to cost of goods sold in excess of that allowed by respondent.

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Texas at the time that they filed their petitions.  In 1977, petitioners incorporated Stejskal Enterprises, Inc.  Stejskal Enterprises, Inc., operated retail stores in Kansas selling health supplements and other products. Petitioners were corporate officers and were actively involved in the operations of Stejskal Enterprises, Inc.

Stejskal Enterprises, Inc., elected to be taxed as an S corporation commencing on or about January 1, 1994.  During 1999, the businesses formerly conducted by Stejskal Enterprises, Inc., were primarily conducted under the name Stejskal Enterprises

Trust, with a small portion conducted under the name Bioactive Kansas Trust. During 1999, the business was conducted through retail stores in Kansas and one store in Texas. Separate books and bank accounts were maintained for the Kansas stores and the Texas store.

Bioactive Kansas Trust filed a Form 1041, U.S. Income Tax Return for Estates and Trusts, for 1999. On Schedule C, Profit or Loss From Business, Bioactive Kansas Trust reported gross receipts of $66,003. The gross receipts reported by Bioactive Kansas Trust were attributed to petitioners in the statutory notice of deficiency sent to petitioners.

Stejskal Enterprises Trust filed a Form 1041 for 1999. On Schedule C of that return, Stejskal Enterprises Trust reported gross receipts of $781,121 and cost of goods sold of $397,751. The cost of goods sold amount was computed on the Schedule C as follows:

| | |
|---|---|
| Inventory at beginning of year | $171,607 |
| Purchases | 448,052 |
| Total | 619,659 |
| Less: Inventory at end of year | 221,908 |
| Total cost of goods sold | $397,751 |

The trial balance for Stejskal Enterprises Trust as of December 31, 1999, showed purchases in the amount of $397,751. The beginning inventory reported on Schedule C coincided with the amount reported at the end of 1998. Neither the trial balance nor any other record produced by petitioners showed an amount for

ending inventory corresponding with the amount reported on the Schedule C. The amount shown as ending inventory ($221,908) was carried forward on other returns, including an amended return for 2000 filed for Stejskal Enterprises Trust in July 2004.

Audit of petitioners' individual returns and the returns for the various trusts commenced in 2003. Petitioners declined to meet with the Internal Revenue Service agent. The agent met with petitioners' daughter-in-law, Bonnie Stejskal, and Janet S. Wilkerson (Wilkerson), the certified public accountant who prepared returns for petitioners and for the trusts. Bonnie Stejskal signed the 1999 Forms 1041 for Stejskal Enterprises Trust and Bioactive Kansas Trust.

Among the adjustments to petitioners' income made in the notices of deficiency was to reduce purchases by Stejskal Enterprises Trust to $397,480 and, consequently, to reduce cost of goods sold to $347,179.

OPINION

Paragraph 10 of the stipulation that was filed at the time of trial set forth that "Petitioners concede that they bear the burden of proof under I.R.C. sec. 7491 on all income, expense, and deduction issues to be tried." Petitioners also conceded the negligence penalty under section 6662 and the addition to tax for failure to file timely under section 6651(a)(1). The issues for

trial were identified in petitioners' counsel's opening statement as follows:

> the question is whether all of the deposits from one account to another, who had as their source funds that have already been counted as a gross deposit for one account, have they been accounted for in the gross income figure.  That's one issue.
>
> Then the other issue about the cost of goods sold, I just say this.  * * *  So whatever cost of goods sold indicate that the testimony that you hear and when these items were purchased, we're trying to deal with items that were purchased from January 1 through December 31 in the taxable year.
>
> We're not trying to get any adjustments outside of that for anything, so we're strict cash basis.
>
> And that's it.  That more or less outlines the testimony I expect to present.

Nowhere in their posttrial briefs do petitioners point to any evidence that would establish that the gross receipts reported by Bioactive Kansas Trust were included more than once in any calculation of gross receipts ultimately attributed to petitioners.  Nowhere in their posttrial briefs do petitioners point to any evidence of the correct amount of purchases to be included in the cost of goods sold calculation for the businesses during 1999.

The arguments set forth in petitioners' briefs do not address the issue of purchases identified at the commencement of trial.  Petitioners' argument in their briefs with respect to the cost of goods sold issue claims unexplained and unquantified inventory adjustments, such as alleged "shrinkage".  Yet no

"correction" of the 1999 ending inventory had been made on filings as late as July 2004. At the time of trial, Wilkerson admitted that the amount shown on the tax return as purchases during 1999 was an error, which she attributed to "an input error into the computer program that I use for tax preparation by a part-time person I had working for me." Wilkerson testified:

> Q [Petitioners' counsel] As far as the cost of goods sold is concerned that's on the return versus the one that's on the workpapers or the accounting records, which one is accurate?
>
> A [Wilkerson] The ones that--in the accounting records.
>
> Q So that would mean that the return was overstated by $50,000?
>
> A Yes.

Petitioners have not shown any error in respondent's calculation of cost of goods sold for 1999.

In their briefs, petitioners disregard their concession at trial of the negligence penalty, and they argue that the penalty amount should be reduced. Even if petitioners were not bound by their stipulation, which they are, they have not identified, much less established, any adjustments not due to negligence that would justify reduction of the penalty.

The record in these cases is thus devoid of any credible evidence from petitioners that would substantiate any of their claims. The parties' briefs devote substantial space to quarreling with what the revenue agent did or did not do--matters

irrelevant to the issues in these cases.  See <u>Greenberg's Express, Inc. v. Commissioner</u>, 62 T.C. 324, 327 (1974). Petitioners' concession in the stipulation that they bear the burden of proof on all issues is consistent with their failure to cooperate during the course of the audit, the absence of required books and records during the audit or at trial, and their failure to present credible evidence at trial.  See sec. 7491(a). Because of their concession, it is unnecessary for us to make any findings concerning events occurring during the audit.

Respondent does not dispute that petitioners would be entitled to offset against gross receipts any substantiated deductions attributable to Bioactive Kansas Trust.  However, petitioners produced only Bonnie Stejskal's vague testimony, which did not identify, explain, or quantify any of the alleged deductions and expenses.  There is no evidentiary basis in this record for any estimates of deductible expenses.  See <u>Williams v. United States</u>, 245 F.2d 559 (5th Cir. 1957); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 743 (1985).

Petitioners have failed to prove that they are entitled to any adjustments other than those set forth in the stipulations. To give effect to the stipulations,

<u>Decisions will be entered under Rule 155.</u>