T.C. Summary Opinion 2010-145

UNITED STATES TAX COURT

GARY ALLEN ROZAR AND MISA ROZAR, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15145-09S.            Filed September 27, 2010,

Gary Allen Rozar and Misa Rozar, pro sese.

<u>Jeffrey W. Belcher</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at

issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2006 a deficiency of $5,564 in petitioners' Federal income tax and an accuracy-related penalty under section 6662(a) of $1,112.80. Respondent determined for 2007 a deficiency of $4,681 in petitioners' Federal income tax.

The issues for decision are whether petitioners have properly substantiated deductions claimed on Schedules C, Profit or Loss From Business, on their Federal income tax returns for 2006 and 2007 and whether petitioners are liable for the accuracy-related penalty for 2006.[1]

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. Petitioners resided in California when the petition was filed.

## Background

Gary Allen Rozar (petitioner) at the time of trial had been a minister of religion for over 20 years. He was a missionary for 10 years and traveled to every continent except South America. Petitioner wife was a teacher and waitress.

Petitioners filed a Form 1040, U.S. Individual Income Tax Return, jointly for 2006 reporting on Schedule C gross income of

---

[1]Adjustments to petitioners' self-employment tax deductions and self-employment taxes are computational and will be resolved consistent with the Court's decision.

$100, car and truck expenses of $21,197, travel, meals, and entertainment expenses of $1,289, and other expenses of $4,960, for a net loss of $27,346.[2]  Petitioners jointly filed their Federal income tax return for 2007 reporting on Schedule C gross income of $800, car and truck expenses of $20,564, insurance expenses of $3,500, repairs and maintenance expenses of $1,850, supplies expenses of $590, and other expenses of $3,525, for a net loss of $29,229.

Petitioners later submitted to respondent Forms 1040X, Amended U.S. Individual Income Tax Return, for 2006 and 2007 on which they claimed to have "Grossly over-stated our income for the year".  The amended returns showed all income and tax liability amounts as zero.  Attached to the returns were Forms W-2, Wage and Tax Statement, that had been altered to show zero wages.  Although petitioners reported for 2006 total credits for tax payments of $2,462, including Federal withholding tax of $2,412, the Form 1040X for 2006 claimed Federal withholding tax payments and a refund of $6,373.

Petitioners filed a second Form 1040X for 2007 that claimed a refund of Federal withholding taxes of $6,493 despite having

---

[2]The adjustments in the statutory notice for 2006 are overstated.  The statutory notice includes an adjustment of $4,960 to other expenses both in the total adjustment for "Sch C1 - All Expenses" of $27,346 as well as in a separate adjustment for "Sch C1 - Other Expenses".  The adjustment for "Sch C1 - All Expenses" should be reduced by $4,960 or the adjustment to "Sch C1 - Other Expenses" should be eliminated.

reported Federal withholding taxes of $2,468 on their original return.

Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Because petitioners have not satisfied the requirements of section 7491(a), the burden of proof does not shift to respondent.

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Generally, no deduction is allowed for personal, living, or family expenses. See sec. 262. The taxpayer must show that any claimed business expenses were incurred primarily for business rather than personal reasons. See Rule 142(a). To show that an expense was not personal, the taxpayer must show that the expense was incurred primarily to benefit his business, and there must have been a proximate relationship between the claimed expense and the business. Walliser v. Commissioner, 72 T.C. 433, 437 (1979).

Where a taxpayer has established that he has incurred a trade or business expense, failure to prove the exact amount of

the otherwise deductible item may not always be fatal. Generally, unless prevented by section 274, we may estimate the amount of such an expense and allow the deduction to that extent. See Finley v. Commissioner, 255 F.2d 128, 133 (10th Cir. 1958), affg. 27 T.C. 413 (1956); Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, however, we must have some basis upon which an estimate may be made. See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, an allowance would amount to unguided largesse. See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Petitioner testified that petitioners were "scammed" into filing the amended returns showing zero amounts for income and tax. Petitioner further testified that they have lost all of their tax records for 2006 and 2007 except for the 2006 "driving log". He testified that "We have nothing to show for 2007, and we have no other [sic] to show for 2006 than the driving log." Petitioner called it the "ministry driving log".

Petitioners have failed to provide the Court with sufficient evidence on which to base an estimate of deductions for business expenses other than those represented by the ministry driving log.

The ministry driving log purports to cover the period of January 3 through September 18, 2006. It indicates that

petitioner generally drove between 276 and 301 miles 4 or 5 days a week, every week, throughout those months.  Although the listed mileage varies, every trip is listed as starting in Costa Mesa, then continuing to Bonita, San Bernardino, and Huntington Beach, California.  There is no explanation for the purpose of the trips, nor was there any testimony putting the locations in context.

Certain business expense deductions described in section 274 are subject to strict rules of substantiation that supersede the doctrine in Cohan v. Commissioner, supra.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Section 274(d) provides that no deduction shall be allowed with respect to:  (a) Any traveling expense, including meals and lodging away from home; (b) any item related to an activity of a type considered to be entertainment, amusement, or recreation; or (c) the use of any "listed property", as defined in section 280F(d)(4),[3] unless the taxpayer substantiates certain elements.

For an expense described in one of the above categories, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony:  (1) The amount of the expenditure or use based on the appropriate measure

---

[3]"Listed property" includes any passenger automobile.  Sec. 280F(d)(4)(A)(i).

(mileage may be used in the case of automobiles); (2) the time and place of the expenditure or use; (3) the business purpose of the expenditure or use; and in the case of entertainment, (4) the business relationship to the taxpayer of each expenditure or use. See sec. 274(d).

To meet the adequate records requirements of section 274(d) a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra. A contemporaneous log is not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioners' ministry driving log does not meet the requirements of section 274(d). Petitioners did not adequately substantiate the business expense deductions they claimed on their Schedules C for 2006 and 2007.

Respondent's adjustments for 2007 are sustained. Respondent's adjustments to Schedule C for 2006 are sustained except to the extent of $4,960 as described supra note 2.

Section 7491(c) imposes on the Commissioner the burden of production in any court proceeding with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); Trowbridge v. Commissioner, T.C. Memo. 2003-164. In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, supra at 446.

Respondent determined that petitioners are liable for an accuracy-related penalty under section 6662(a). Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, including negligence or disregard of rules or regulations and a substantial understatement of income tax. See sec. 6662(b)(1) and (2). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement" is an understatement of income tax that exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. See sec. 6662(d)(1)(A); sec. 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioners deducted business expenses which they failed to substantiate with adequate books and records. The Court concludes that respondent has produced sufficient evidence to show that the imposition of the accuracy-related penalty under section 6662(a) is appropriate.

Petitioners did not show that their failure to properly substantiate their business expense deductions was due to reasonable cause and in good faith. Respondent's determination of the accuracy-related penalty under section 6662(a) for 2006 is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.