T.C. Summary Opinion 2011-47

UNITED STATES TAX COURT

MARC ROBERT GITTENS, SR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28121-09S.              Filed April 7, 2011.

Marc Robert Gittens, Sr., pro se.

<u>Steven N. Balahtsis</u>, for respondent.

SWIFT, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

    [1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 2006, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined an $8,594 deficiency in petitioner's 2006 Federal income tax. After settlement of a number of adjustments, we must decide whether petitioner can deduct $19,304 in claimed business expenses under section 162 and $2,552 in claimed tuition expenses under section 222.

## Background

At the time his petition was filed, petitioner resided in New York.

During 2006 petitioner was employed full time for Tanenbaum Harber Co., Inc. (Tanenbaum), as a building facility manager and part time for Pan American Investigation Services (Pan American) as a security guard. Petitioner earned from Tanenbaum total wages of $41,498 and from Pan American total wages of $3,497.

Also during 2006 petitioner had a part-time side activity as a handyman which he conducted from his home. During this time petitioner was enrolled as a part-time student at Herbert H. Lehman College in the Bronx, New York.

In 2006 petitioner owned one vehicle and used that vehicle both for his handyman activity and for personal travel. Petitioner maintained one bank account for his personal use and also for his handyman activity.

On a Schedule C, Profit or Loss From Business, attached to his 2006 Federal income tax return, petitioner reported total income from his handyman activity of $1,000 and no income from what petitioner refers to as a real estate activity.

On the Schedule C petitioner also claimed the following business expense deductions relating to his handyman and real estate activities:

|  |  |
|---|---|
| Advertising | $120 |
| Car & truck | 9,988 |
| Depreciation | 1,991 |
| Legal & professional | 120 |
| Rental | 210 |
| Supplies | 342 |
| Meals & entertainment | 1,000 |
| Miscellaneous other: | |
|   Bank fees | 2,700 |
|   Bus. cards | 60 |
|   Education | 225 |
|   Internet | 618 |
|   Domain | 140 |
|   Dues | 350 |
|   Cell phone | 1,440 |
|     Total | 19,304 |

On audit respondent disallowed for lack of substantiation the above $19,304 in business expenses and $4,000 in tuition expenses that were deducted on petitioner's 2006 Federal income tax return. Respondent now concedes that petitioner is entitled to deduct $1,448 of the claimed $4,000 tuition expenses, subject to the adjusted gross income limitation of section 222.

At the December 2, 2010, trial herein petitioner admitted and we so find: (1) That in 2006 petitioner did not engage in a real estate business; and (2) that the tools with respect to

which petitioner claimed depreciation were acquired for personal use.

## Discussion

Petitioner bears the burden of establishing his entitlement to deduct the claimed business expenses and tuition expenses in dispute. See Rule 142(a).

Section 162 permits deductions for ordinary and necessary business expenses, but taxpayers are required to maintain books, records, and other substantiating documentation relating to the claimed expenses. Sec. 6001.

For courts to allow business expenses or make estimates of allowable expenses under Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930),[2] there must be some basis for reasonable estimates to be made. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957) ("there [must] be sufficient evidence * * * that at least the amount allowed in the estimate was in fact spent or incurred for the stated purpose."); see also Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

---

[2]We note that many of the expenses petitioner deducted are not susceptible of estimation under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), but rather must be substantiated pursuant to sec. 274(d). Such expenses include petitioner's car and truck, meals and entertainment, and cell phone expenses. For the reasons discussed infra--namely that petitioner has failed to produce any reasonable substantiation for his claimed deductions --this distinction is immaterial.

Petitioner has not produced any books, records, receipts, client invoices, canceled checks, or other documentation to substantiate credibly any aspect of the expenses in dispute-- their actual cost, their estimated cost, or their purpose.[3] Further, petitioner did not call any witnesses to corroborate the claimed expenses.

### Conclusion

We conclude that petitioner is not entitled to any of the claimed business expense deductions in dispute and that petitioner is entitled to deduct only $1,448 of the claimed tuition expenses subject to the adjusted gross income limitation of section 222(b)(2)(B).

Decision will be entered

under Rule 155.

---

[3]For example, petitioner did not identify the clubs or organizations to which he allegedly paid membership fees. For the cell phone he and his children used, petitioner provided some monthly AT&T billing statements for periods in later years, but petitioner provided no statements for 2006.