T.C. Summary Opinion 2006-132

UNITED STATES TAX COURT

BRETT ALAN COMBS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20828-04S.                Filed August 28, 2006.

Brett Alan Combs, pro se.

<u>Leonard T. Provenzale</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code.
Unless otherwise indicated, subsequent section references are to
the Internal Revenue Code as in effect for the year at issue, and
all Rule reference are to the Tax Court Rules of Practice and
Procedure.  The decision to be entered is not reviewable by any
other court, and this opinion should not be cited as authority.

Respondent determined for 2000 a deficiency in petitioner's Federal income tax of $8,698, an addition to tax under section 6651(a)(1) of $1,957.05, an addition to tax under section 6651(a)(2) of $1,652.62, and an addition to tax under section 6654(a) of $467.81.

The issues for decision are whether petitioner: (1) Had unreported income, (2) is liable for self-employment tax, (3) is liable for the addition to tax under section 6651(a)(1) for failure to file timely his Federal income tax return without reasonable cause, (4) is liable for the addition to tax under section 6651(a)(2) for failure to pay timely the tax due without reasonable cause, and (5) is liable for the addition to tax under section 6654(a) for failure to pay estimated income tax.

## Background

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Fort Lauderdale, Florida.

Petitioner failed to file an income tax return for 2000, and the Internal Revenue Service made a return for him under section 6020(b). Petitioner received in 2000, nonemployee compensation of $34,673, dividends of $22 and capital gain of $261. Petitioner does not contest the amounts or character of the items that respondent determined that he received in 2000. Respondent determined that petitioner is allowed a personal exemption, the

standard deduction (which exceeds the itemized deductions substantiated by petitioner), and a deduction for half of his self-employment taxes.

## Discussion

### Section 861

Petitioner's first and, apparently, primary argument concerns his "confusion" about the "requirements" of section 861, Income From Sources Within the United States. According to petitioner, in a West publication that he read, section 61 cross referenced section 861, and he is therefore "required" to consider it. While the Court suspects that petitioner's "confusion" is disingenuous, the Court will, for his present and future benefit, explain the operation of section 861.

It seems strange that petitioner feels compelled to delve into the intricacies of section 861 as that section, along with those immediately following, are aimed at the U.S. income tax effects of _international_ activities. Section 861(a) provides a rule for determining whether items of gross income are from sources within the United States (U.S. source). Section 862 provides the sourcing rules for items of gross income from sources without the United States (foreign source). Under section 863, items of gross income, expenses, losses and deductions other than those specified in sections 861 and 862

"shall be allocated or apportioned to sources within or without the United States, under regulations prescribed by the Secretary." Petitioner admits, and the facts show, that he had no items of gross income, expenses, losses, and deductions other than those from a U.S. source.

From the items of U.S. source gross income, the taxpayer "shall" deduct the expenses, losses, and other deductions properly apportioned or allocated to U.S. source income along with a ratable portion of expenses, losses, and other deductions that cannot definitely be allocated to an item or class of gross income. Sec. 861(b). The standard deduction is considered a deduction that cannot definitely be allocated to an item or class of gross income. Sec. 861(b). The remainder, if any, after taking the above expenses, losses, and other deductions, <u>is included in full as U.S. source taxable income</u>. Sec. 861(b).

Because 100 percent of petitioner's gross income is U.S. source gross income, 100 percent of petitioner's expenses, losses, and other deductions are properly allocated and "apportioned" to U.S. source income. The thoughtful reader need go no further than the words of the statute to determine that section 861 is unnecessary to the determination of petitioner's income tax liability.

Petitioner, however, claimed at trial to be confused by the terms "classes of gross income" and "statutory groupings". The

latter term is not used in the statute but is contained in the implementing regulations, specifically sec. 1.861-8, Income Tax Regs.

Section 1.861-8(a)(2), Income Tax Regs., requires the taxpayer to allocate deductions to a class of gross income and, if necessary, to apportion deductions within the class of gross income between the "statutory grouping" (foreign source income) and the "residual grouping" (U.S. source income). See sec. 1.861-8(a)(4), (f)(1), Income Tax Regs. The classes of gross income are listed in section 1.861-8(a)(3), Income Tax Regs., the same income items as are listed in section 61. Allocations and apportionments are made based on the factual relationship of the deductions to the gross income except for deductions not definitely related to specific gross income, like the standard deduction, which is ratably apportioned across all gross income. Sec. 1.861-8(a)(2), (4), Income Tax Regs.

The result is a determination of the taxpayer's U.S. source taxable income, and foreign source taxable income, the sum of which taxable income is subject to U.S. income taxation. See sec. 1. The distinction between U.S. source taxable income and foreign source taxable income may, however, be important for other reasons. See, e.g., secs. 901, 904 (the foreign tax credit). The international aspect of U.S. income taxation is an

interesting and complicated area of the law, but of no importance in determining petitioner's tax liability.

No matter how you look at it, petitioner had only U.S. source income. One hundred percent of petitioner's expenses, losses, and other deductions will be allocated to his U.S. source income. No apportionment is possible because he has only one "grouping" of income, U.S. source income. He ends up with U.S. source taxable income, only. With respect to determining petitioner's tax liability for 2000, section 861 is superfluous. The Court hopes that as long as all of petitioner's income is U.S. source income he will no longer be "confused", purposely or otherwise, by section 861.

Petitioner's Business Expenses

Petitioner has made no argument that the burden of proof shifting provisions of section 7491(a)(1) apply to this case, nor has he offered any evidence that he has complied with the requirements of section 7491(a)(2).

Petitioner alleged at trial that he is entitled to additional deductions for business expenses, including transportation expenses and a computer. Petitioner, however, had no business records and relied solely on his testimony as evidence.

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in

carrying on a trade or business.  Generally, no deduction is allowed for personal, living, or family expenses.  See sec. 262. The taxpayer must show that any claimed business expenses were incurred primarily for business rather than personal reasons. See Rule 142(a).  To show that an expense was not personal, the taxpayer must show that the expense was incurred primarily to benefit his business, and there must have been a proximate relationship between the claimed expense and the business. Walliser v. Commissioner, 72 T.C. 433, 437 (1979).

Where a taxpayer has established that he has incurred a trade or business expense, failure to prove the exact amount of the otherwise deductible item may not always be fatal. Generally, unless prevented by section 274, the Court may estimate the amount of such an expense and allow the deduction to that extent.  See Finley v. Commissioner, 255 F.2d 128 (10th Cir. 1958), affg. 27 T.C. 413 (1956); Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  In order for the Court to estimate the amount of an expense, however, the Court must have some basis upon which an estimate may be made.  See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without such a basis, an allowance would amount to unguided largesse.  See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Certain business deductions described in section 274 are subject to strict rules of substantiation that supersede the

doctrine in <u>Cohan v. Commissioner</u>, <u>supra</u>.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Section 274(d) provides that no deduction shall be allowed with respect to:  (a) Any traveling expense, including meals and lodging while away from home; (b) any item related to an activity of a type considered to be entertainment, amusement, or recreation; or (c) the use of any "listed property", as defined in section 280F(d)(4), unless the taxpayer substantiates certain elements.  Listed property includes any passenger automobile and any computer or peripheral equipment.  Sec. 280F(d)(4)(A)(i), (iv).

Section 274(d) provides that no deduction shall be allowed with respect to any "listed property", as defined in section 280F(d)(4), unless the taxpayer substantiates by adequate records or sufficient evidence to corroborate the taxpayer's own testimony:  (1) The amount of the expenditure or use based on the appropriate measure (mileage may be used in the case of automobiles), (2) the time and place of the expenditure or use, (3) the business purpose of the expenditure or use, and (4) the business relationship to the taxpayer of each expenditure or use.

To meet the adequate records requirements of section 274, a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use.  Sec. 1.274-5T(c)(2), Temporary

Income Tax Regs., <u>supra</u>.  Because petitioner presented no adequate records or sufficient evidence to corroborate his own testimony, he may not claim a deduction for his business expenses.

<u>Petitioner's Charitable Contributions</u>

Petitioner alleged at trial that he is entitled to a deduction for "church and charitable" donations.  He had no evidence of any charitable gifts other than his own testimony.

Taxpayers are required to keep records of charitable contributions of money.  Section 1.170A-13(a)(1), Income Tax Regs., requires substantiation for charitable contribution deductions.  A taxpayer must maintain one of the following:  (1) a canceled check; (2) a receipt or letter from the donee charitable organization showing the name of the donee, and the date and the amount of the contribution; or (3) other reliable records showing the name of the donee, and the date and the amount of the contribution.  Sec. 1.170A-13(a)(1), Income Tax Regs.

Petitioner testified that "the point of giving is not to make a worldly claim".  While petitioner's sentiment is correct, substantiating a gift does not taint the heart of the giver.  Petitioner's church and charity donations do not meet the requirements of section 1.170A-13(a)(1), Income Tax Regs.  See <u>Blair v. Commissioner</u>, T.C. Memo. 1988-581.

Self-employment Tax

During his testimony petitioner objected to being subject to the self-employment tax of section 1401. When asked by the Court if he had filed for an exemption, he replied: "I've never filed for anything, sir." To obtain an exemption from the self-employment tax, a taxpayer must file for an exemption according to regulations prescribed by the Secretary. See sec. 1402(e), (g). As petitioner has "never filed for anything", he is not entitled to an exemption from self-employment tax.

Additions to Tax

Respondent bears the burden of production with respect to an addition to tax. Sec. 7491(c). In order to meet this burden, respondent must produce evidence sufficient to establish that it is appropriate to impose the addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

### Addition to Tax Under Section 6651(a)(1)

The parties agree that petitioner did not file a Federal tax return for 2000. Respondent made a return for petitioner under section 6020(b). A return prepared under section 6020(b) is to be disregarded for purposed of determining the amount of the addition to tax under section 6651(a)(1). Sec. 6651(g)(1). Respondent has met his burden of production under section 7491(c) with respect to imposing the addition to tax under section 6651(a)(1).

It is petitioner's burden to prove that he had reasonable cause and lacked willful neglect in not filing his return timely. See United States v. Boyle, 469 U.S. 241, 245 (1985); Higbee v. Commissioner, supra; sec. 301.6651-1(a)(1), Proced. & Admin. Regs. Because petitioner failed to offer any evidence of reasonable cause and lack of willful neglect for his failure to file timely, respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1) is sustained.

### Addition to Tax Under Section 6651(a)(2)

Under section 6651(g)(2) the return made by respondent under section 6020(b) is to be treated as a return filed by petitioner for purposes of determining the amount of the addition to tax under section 6651(a)(2). Because petitioner failed to offer any evidence of reasonable cause and lack of willful neglect for his failure to pay timely, respondent's determination that he is liable for the addition to tax under section 6651(a)(1) is sustained.

### Addition to Tax Under Section 6654

The section 6654 addition to tax applies in a mathematical fashion unless it is shown that any of certain statutory exceptions apply. See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980); Goers v. Commissioner, T.C. Memo. 1999-354. Petitioner has not shown that any exceptions apply. Accordingly,

the Court holds that respondent's section 6654 determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.