T.C. Memo. 2011-201

UNITED STATES TAX COURT

LUIS BULAS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18977-09.                    Filed August 17, 2011.

Luis Bulas, pro se.

Michelle M. Robles, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  Respondent determined a deficiency of $5,441

with respect to petitioner's 2007 Federal income tax.[1]  The

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.  Amounts are rounded to the nearest dollar.

issues for decision are:[2]  (1) Whether petitioner is entitled to deductions on Schedule C, Profit or Loss From Business, for expenses related to the business use of his personal residence; and (2) whether petitioner is entitled to Schedule C deductions for wages paid to his two daughters.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts, together with the attached exhibits, are incorporated

---

[2]At trial respondent alleged that petitioner had double-counted car insurance expenses on Schedule C by including them in both car and truck expenses and insurance expenses.  This issue was not raised in the pleadings.  Rule 41(b)(1) provides that in appropriate circumstances, an issue that was not expressly pleaded but was tried by express or implied consent of the parties may be treated in all respects as if raised in the pleadings.  LeFever v. Commissioner, 103 T.C. 525, 538-539 (1994), affd. 100 F.3d 778 (10th Cir. 1996).  This Court, in deciding whether to apply the principle of implied consent, has considered whether the consent results in unfair surprise or prejudice to the consenting party and prevents that party from presenting evidence that might have been introduced if the issue had been timely raised.  See WB Acquisition, Inc. & Subs. v. Commissioner, T.C. Memo. 2011-36; Krist v. Commissioner, T.C. Memo. 2001-140; McGee v. Commissioner, T.C. Memo. 2000-308.

Petitioner testified that he did not know whether the insurance expense claimed for his accounting business was for car insurance or another form of insurance and that he needed time to investigate.  Because respondent raised this issue for the first time at trial, we find that petitioner would be unfairly prejudiced if we were to consider this issue without petitioner's having the opportunity to conduct an investigation of his 2007 insurance records.  Accordingly, we do not find implied consent pursuant to Rule 41(b)(1), and the Court will not consider whether petitioner double-counted car insurance expenses.

herein by this reference.  At the time petitioner filed his petition, he lived in Florida.

Petitioner has a master's degree in accounting from Florida International University.  He worked for the Internal Revenue Service for 7 years, working as a tax technician, revenue agent, Appeals auditor, and Appeals officer.  In 1985 petitioner started the accounting business he continues to operate today.  This business provides tax return preparation services and has helped prepare approximately 180-220 returns per year.

Petitioner has two daughters.  In 2007 his daughters were 17 and 20 years old, respectively.  His older daughter was a full-time student at Rutgers University from September 1, 2005, through May 9, 2007.  His younger daughter was a high school student in 2007.  Petitioner's daughters provided administrative assistance in his accounting business, but the business did not issue either a Form W-2, Wage and Tax Statement, or a Form 1099-MISC, Miscellaneous Income, to report any wages to either daughter.  Petitioner paid his daughters' credit card bills.

Petitioner's residence includes a house, a garage, and a guesthouse.  The residence covers a total area of 2,677.34 square feet.  Petitioner uses one of the bedrooms in the residence as an office for his accounting business.  The area of this bedroom is 226.3 square feet.  Petitioner built a bathroom across the hall

from this bedroom for his clients' use.  Family members and personal guests used this bathroom on occasion.

Petitioner timely filed his 2007 Form 1040, U.S. Individual Income Tax Return.  On Schedule C of his return he claimed deductions of $9,019 and $18,000 for expenses related to the business use of his residence and for wages paid to his daughters, respectively.[3]  On May 11, 2009, respondent issued a notice of deficiency, denying petitioner's claimed deductions for the business use of his residence and for wages paid to his daughters.  Petitioner timely filed his petition with this Court on August 10, 2009.

## OPINION

### I.  General Requirements

Deductions are a matter of legislative grace, and the taxpayer must prove he is entitled to the deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Taxpayers are required to maintain records sufficient

---

[3]Petitioner offset his business income by the amounts paid to his daughters, which he reported as cost of goods sold on his return.  These amounts do not reflect the cost of goods sold of petitioner's business.  Rather, amounts paid to his daughters are expenses for wages on Schedule C and, therefore, we have recategorized them as such.

to establish the amounts of allowable deductions and to enable the Commissioner to determine the correct tax liability.  Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999).

If a factual basis exists to do so, the Court may in some circumstances approximate an allowable expense, bearing heavily against the taxpayer who failed to maintain adequate records. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); see sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

II.  Business Use of Personal Residence

In addition to the requirements discussed above, section 280A(a) provides the general rule that deductions with respect to the use of the taxpayer's residence are not allowable unless an exception applies.  The exceptions are found in section 280A(c), which provides in relevant part:

> SEC. 280A(c).  Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use.--
>
> (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis--

> (A) as the principal place of business for any trade or business of the taxpayer,

> (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business * * *

Because there are business and personal motives for the expenses related to petitioner's residence, we must determine what portion of the residence was used regularly and exclusively for petitioner's business. See Intl. Trading Co. v. Commissioner, 275 F.2d 578, 584-587 (7th Cir. 1960), affg. T.C. Memo. 1958-104; Deihl v. Commissioner, T.C. Memo. 2005-287. Combined personal and business use of a section of the residence precludes deductibility. See generally Sam Goldberger, Inc. v. Commissioner, 88 T.C. 1532, 1557 (1987).

Petitioner used one of the bedrooms of his residence exclusively as his office for his accounting business. Petitioner argued that he also used the hallway and the bathroom adjacent to this bedroom exclusively for his accounting business. Petitioner testified, however, that his children and other personal guests occasionally used the bathroom. Accordingly, the hallway and the bathroom were not used exclusively for business purposes.

The area of the bedroom petitioner used for his accounting business is 226.30 square feet. The total area of petitioner's residence is 2,677.34 square feet. As 226.30/2,677.34 represents

about 8.45 percent of the total area of the residence, petitioner is entitled to 8.45 percent of his allowable expenses allocable to the portion of the residence used exclusively for business purposes.

III. Compensation Paid to Petitioner's Daughters

Petitioner argues that both his daughters were paid wages for administrative work performed for his accounting business in 2007. However, neither daughter was issued a paycheck, Form 1099-MISC, or Form W-2. Further, neither had tax withheld. Petitioner testified that he paid his daughters for their work by paying their credit card bills but has not provided any evidence to substantiate amounts paid. Accordingly, we sustain respondent's determinations with respect to the wages paid to petitioner's daughters.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.