T.C. Memo. 2011-206

UNITED STATES TAX COURT

JEREMIAH AND ADDIE WEATHERLY, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19823-09.                     Filed August 25, 2011.

Jeremiah and Addie Weatherly, pro sese.

John W. Stevens, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  Respondent determined a deficiency of
$67,436, an addition to tax pursuant to section 6651(a)(1) of
$15,938, and a penalty pursuant to section 6662(a) of $13,487
with respect to petitioners' 2005 Federal income tax.[1]  The sole

_____

[1]Unless otherwise indicated, all section references are to
                                                (continued...)

issue remaining for decision after stipulations and concessions is whether petitioners are entitled to deduct for 2005 a contract labor expense in excess of that allowed by respondent.[2]  For the reasons set forth below, we sustain respondent's determination.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts, together with the attached exhibits, are incorporated herein by this reference.  At the time petitioners filed their petition, they lived in Michigan.

Petitioner Jeremiah Weatherly (Mr. Weatherly) operated a bailiff consulting business as a sole proprietorship in 2005.  As part of this business, Mr. Weatherly engaged the services of daily workers to help perform evictions, move property, and serve process.  Mr. Weatherly asked these daily workers for their names and Social Security numbers.

---

[1](...continued)
the Internal Revenue Code, as amended for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

[2]Respondent disallowed petitioners' entire claimed contract labor expense of $177,925.  Before trial, respondent conceded $25,115 of this expense.  The parties stipulated that petitioners are disputing only the remaining $152,810.  Accordingly, petitioners have conceded all parts of the deficiency that are not attributable to the contract labor expense as well as the addition to tax and penalty.

On Schedule C, Profit or Loss From Business, of their 2005 Federal income tax return, petitioners reported a contract labor expense of $177,925.  During the audit of their return petitioners provided 64 Forms 1099-MISC, Miscellaneous Income, showing the names and Social Security numbers of the daily workers whose services Mr. Weatherly engaged and the amounts paid to each worker.  Petitioners did not file any Forms 1099-MISC as payers with the Internal Revenue Service (IRS) for 2005.

Respondent requested that petitioners obtain Forms 4669, Statement of Payments Received, from the daily workers they claim to have paid in 2005.  In response, petitioners provided eight Forms 4669, with corresponding Forms 1099-MISC, showing the names, Social Security numbers, and signatures of eight daily workers and the amounts received.  Respondent accepted six of these eight forms and rejected the remaining two because the Social Security numbers on the forms did not match those of the listed payees.  Petitioners have not provided any other documentation to substantiate their claimed contract labor expense.

On May 29, 2009, respondent mailed petitioners a notice of deficiency for 2005.  On August 9, 2009, petitioners timely filed their petition with this Court.

OPINION

Deductions are a matter of legislative grace, and taxpayers must prove they are entitled to the deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Taxpayers are required to maintain records sufficient to establish the amounts of allowable deductions and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999).

If a factual basis exists to do so, the Court may in some contexts approximate an allowable expense, bearing heavily against the taxpayer who failed to maintain adequate records. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

Petitioners have not provided contemporaneous books and records to substantiate their contract labor expense for 2005. Further, Mr. Weatherly failed to testify at trial to the

recordkeeping practices of his business.  Petitioners merely produced 64 Forms 1099-MISC prepared for the audit without any supporting documentation.  These Forms 1099-MISC were not filed with the IRS.  Petitioners were able to produce only six valid Forms 4669 for six daily workers, for which respondent conceded a deduction of $25,115.  As to the remainder of their claimed contract labor expense, petitioners have failed to substantiate that such an amount was paid.  In fact, the evidence submitted does not provide us with a reasonable basis upon which an approximation of an allowed amount of contract labor expense could be made under the Cohan rule.  Accordingly, we sustain respondent's determination with respect to the contract labor expense.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.