T.C. Memo. 2008-200

UNITED STATES TAX COURT

JINGYUN QI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17593-06.                     Filed August 27, 2008.

        R determined a deficiency in P's Federal income
tax for 2004.  R also determined an accuracy-related
penalty pursuant to sec. 6662, I.R.C.  After
concessions, P and R dispute only whether P is liable
for the penalty.

        <u>Held</u>:  P is liable for the sec. 6662, I.R.C.,
penalty.

<u>Harold Jung</u>, for petitioner.

<u>Steven M. Roth</u>, for respondent.

MEMORANDUM OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on a petition for redetermination of a Federal income tax deficiency and penalty under section 6662 that respondent determined with respect to petitioner's 2004 tax year.[1]

The parties have resolved a number of issues and have filed a stipulation of facts and two stipulations of settled issues, all of which are hereby incorporated by reference into our findings.  After concessions, the sole issue remaining for decision is whether petitioner is liable for the accuracy-related penalty pursuant to section 6662.[2]

<u>Background</u>

Petitioner and Yincang Wei (Mr. Wei), who was then her husband, filed a joint Federal income tax return for 2004.  That return appears to have been prepared by a certified public

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent asserts on brief that "Petitioner intends to argue on brief that she is entitled to have the deficiency in tax for 2004 computed based on head of household rates."  Respondent then argues that petitioner is not entitled to such treatment.  In any event, petitioner did not raise that issue in her petition or at any other time.  Thus, even if her deficiency could now be computed at the head of household tax rate, petitioner is deemed to have conceded that she does not qualify for head of household filing status for 2004.  See Rule 34(b)(4).  There is no evidence that suggests otherwise, were the matter preserved for consideration on the merits.

accountant (C.P.A.) named John T. Tsai (Mr. Tsai).[3]  On June 26, 2006, respondent issued petitioner and Mr. Wei a notice of deficiency with respect to their 2004 tax year.  The deficiency was attributable to issues including (1) unreported gambling income, (2) dividends, and (3) interest income.  Respondent also determined an accuracy-related penalty pursuant to section 6662.  Petitioner filed a timely petition with this Court.[4]  At the time she filed her petition, petitioner resided in California.

Before trial, respondent granted petitioner partial relief pursuant to section 6015(c).  A trial was held on May 2, 2008, in Los Angeles, California.[5]  After trial, the parties filed a stipulation agreeing to the amount of gambling income, dividends, and interest income allocable to petitioner for 2004.

## Discussion

Respondent bears the burden of production with respect to petitioner's liability for the section 6662(a) penalty.  See sec. 7491(c).  This means that respondent "must come forward with sufficient evidence indicating that it is appropriate to impose

---

[3]Records of the California Board of Accountancy, which this Court will take judicial notice of, indicate that Mr. John Tzung-Hsun Tsai has been a licensed certified public accountant since Sept. 27, 1991.

[4]Petitioner listed herself and Mr. Wei as the taxpayers in her petition.  On Mar. 15, 2007, the Court dismissed the case for lack of jurisdiction as to Mr. Wei.

[5]Petitioner testified at trial through a translator.

the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Subsection (a) of section 6662 imposes an accuracy-related penalty on an underpayment of tax that is equal to 20 percent of any underpayment that is attributable to one of the causes listed in subsection (b). Among those causes is negligence or disregard of rules or regulations. Sec. 6662(b)(1). Respondent contends that petitioner is liable for the section 6662 penalty "on the grounds of negligence."

Section 6662(c) defines negligence as "any failure to make a reasonable attempt to comply with the provisions of this title". "[D]isregard" is defined to include "any careless, reckless, or intentional disregard." Id. Under caselaw, "'Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

There is an exception to the section 6662(a) penalty when a taxpayer can demonstrate (1) reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c)(1). Regulations promulgated under section 6664(c) further provide that the

determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs.

Reliance upon the advice of a tax professional may establish reasonable cause and good faith for the purpose of avoiding a section 6662(a) penalty. See United States v. Boyle, 469 U.S. 241, 250 (1985) ("Courts have frequently held that 'reasonable cause' is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney".). Such reliance does not serve as an "absolute defense"; it is merely "a factor to be considered." Freytag v. Commissioner, supra at 888. The caselaw sets forth the following three requirements in order for a taxpayer to use reliance on a tax professional to avoid liability for a section 6662(a) penalty: "(1) The adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment." See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

Petitioner argues in summary fashion that she is not liable for the penalty because she "was allowed to offset in excess of 90% of the gambling winnings with the losses." We are unpersuaded. To begin with, whether she has been allowed to

offset most of her gambling income with gambling losses, although relevant to the amount of the section 6662 penalty, is irrelevant to the issue of whether she negligently underpaid tax because she failed to report gambling income.

As for her reliance on Mr. Tsai, petitioner has failed to demonstrate that she has satisfied the latter two prongs of the Neonatology test. As to the first Neonatology prong, we accept that Mr. Tsai, as a C.P.A., was a competent professional who had sufficient expertise to justify reliance. See supra note 3. As to the second Neonatology prong, petitioner has provided no evidence that she supplied Mr. Tsai with necessary and accurate information. Indeed, the only information of record as to what Mr. Tsai had in his possession when he prepared the return is petitioner's testimony that "my former husband got all this paperwork and presented it to the tax preparer."

As to the final Neonatology prong, petitioner has not demonstrated that her reliance on Mr. Tsai was in good faith. In that regard, petitioner had a duty to examine her return to ensure that all income items were included. Magill v. Commissioner, 70 T.C. 465, 479-480 (1978), affd. 651 F.2d 1233 (6th Cir. 1981). She has conceded that she failed to do so. Specifically, at trial petitioner acknowledged that she reads arabic numerals and that she understood that she was signing the 2004 joint return under penalty of perjury. However, when asked

by respondent's counsel "Did you take the time to look at the numbers on the return before you signed it?", she answered: "Well, I didn't look at the detail on that.  Just signed it." When asked by the Court whether she had an opportunity to ask Mr. Tsai, who petitioner acknowledged spoke Chinese, questions about the return, petitioner answered:  "Well, I didn't ask.  I had [the] opportunity, but I didn't ask."

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered under Rule 155.