T.C. Memo. 2014-217

UNITED STATES TAX COURT

JACQUELINE D. BURRELL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8349-12.                    Filed October 14, 2014.

Michael Stephen McNair, for petitioner.

Carlton W. King, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, Judge:  Respondent (IRS) determined deficiencies in petitioner's

Federal income tax and additions to tax, as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2007 | $70,893 | $14,178.60 |
| 2008 | 34,970 | 6,994.00 |
| 2009 | 10,053 | 2,010.60 |

**[\*2]**    After concessions,[1] the issues for consideration are (1) whether for years 2007, 2008, and 2009 (years involved) petitioner is entitled to deductions for gambling losses in amounts greater than those conceded by the IRS revenue auditor, and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a) for those years.  All section references are to the Internal Revenue

---

[1]During the years involved petitioner owned and operated two businesses, one a profitable child daycare business and the other, Burrell Enterprises, a nascent, nonprofitable consulting business.  Petitioner also owned two rental properties.

Petitioner reported Burrell Enterprises' receipts and expenses on Schedule C, Profit or Loss From Business, of her Form 1040, U.S. Individual Income Tax Return.  For 2007 petitioner reported $1,250 in gross receipts and $22,748 in expenses for Burrell Enterprises; for 2008 petitioner reported $2,500 in gross receipts and $15,422 in expenses for Burrell Enterprises; and for 2009 petitioner reported $2,000 in gross receipts and $7,843 in expenses for Burrell Enterprises.  At trial the parties agreed that the gross receipts petitioner reported on Schedule C erroneously included capital contributions petitioner made to her business and that the correct amounts of Burrell Enterprises' gross receipts were $250 for 2007, $1,000 for 2008, and $500 for 2009.  The parties also agreed that petitioner may deduct mileage expenses up to the correct amounts of Burrell Enterprises' receipts for the years involved.  The parties further agreed the remaining reported Schedule C expenses were not deductible because these expenses were for personal use (i.e., clothing) or were unsubstantiated.

With respect to petitioner's two rental properties, petitioner reported on Schedule E, Supplemental Income and Loss, expenses totaling $29,967 for 2007, $18,703 for 2008, and $17,254 for 2009.  Of these claimed expenses, the IRS revenue auditor accepted as deductible Schedule E expenses of $13,783 for 2007, $9,621 for 2008, and $8,572 for 2009.  At trial the parties agreed petitioner may deduct, in addition to those accepted by the IRS revenue auditor, Schedule E expenses of $7,080 for 2007, $4,510 for 2008, and $4,813 for 2009.

[*3] Code (Code) in effect for the years involved, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts are stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Alabama when she filed her petition.

During each of the years involved petitioner frequented gambling casinos for recreation several times each week, primarily playing slot machines. Petitioner gambled in cash; she did not track her daily winnings and losses.

Petitioner timely filed her Federal income tax returns for the years involved. The returns were prepared by Katha Evans, a paid return preparer. Petitioner reported gambling winnings of $338,100 for 2007, $296,772 for 2008, and $226,563 for 2009. These were the same amounts the casinos reported to the IRS. On Schedule A, Itemized Deductions, petitioner reported total losses in an amount equal to that of her winnings for each year.

IRS Revenue Auditor Tallaisha Gore examined petitioner's tax returns for the years involved. To substantiate her gambling losses, petitioner provided Revenue Auditor Gore two documents, one entitled Cash Recycled 2007 and the other entitled Cash Ledger 2008. Both documents listed the dates petitioner

[*4] gambled, the names of the casinos, and the daily amounts of cash she brought. Neither document contained the amounts of petitioner's winnings or losses.

Petitioner also provided Revenue Auditor Gore with letters she received from the casinos she frequented. These letters estimated petitioner's gambling activities at their respective casinos. For 2007 a letter from the Isle of Capri Casino stated petitioner lost $195. For 2008 a letter from the M life Players Club Casinos stated petitioner lost $27,224; a letter from the IP Casino Biloxi, Mississippi, stated petitioner lost $11,838; and a letter from the Isle of Capri Casino stated petitioner lost $6,735. Petitioner also provided Revenue Auditor Gore with ATM receipts and cash advance receipts from the casinos she frequented.

Revenue Auditor Gore did not rely on the Cash Recycled 2007 document or the Cash Ledger 2008 document in determining the allowable amounts of losses petitioner reported. She did, however, allow all of the loss amounts reported on the casino letters as well as the amounts set forth in the ATM receipts and cash advance receipts. Specifically, petitioner was permitted to deduct $177,000 in gambling losses for 2007, $195,538 in losses for 2008, and all reported gambling losses for 2009.

**[*5]** Petitioner disagreed with the adjustments that Revenue Auditor Gore proposed.  Thereafter, petitioner's case was transferred to the IRS Jackson, Mississippi, Appeals Office which sustained Revenue Auditor Gore's determinations.  A notice of deficiency was issued to petitioner on January 4, 2012.  Petitioner then filed a timely petition with this Court.

OPINION

I.    Gambling Losses

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving those determinations are erroneous.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).[2]  Taxpayers who are not in the trade or business of gambling and who choose to calculate their taxable income using itemized deductions in lieu of the standard deduction may deduct gambling losses under certain circumstances.  Section 165(d) provides that "[l]osses from wagering

_____

[2]The burden of proof on factual issues may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue." Sec. 7491(a)(1).  In order to shift the burden, the taxpayer must comply with all substantiation and recordkeeping requirements and cooperate with all reasonable requests by the Commissioner as provided in sec. 7491(a)(2).  See Higbee v. Commissioner, 116 T.C. 438, 441 (2001).  Petitioner did not claim the burden should shift to the IRS, and she failed to introduce credible evidence to show the IRS' determinations to be incorrect.  Consequently, petitioner bears the burden of proving the amounts of gambling losses she sustained.

**[*6]** transactions shall be allowed only to the extent of the gains from such transactions."

Taxpayers are required to maintain "permanent books of account or records * * * as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information." Sec. 1.6001-1(a), Income Tax Regs. If a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, we may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his/her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The taxpayer must present sufficient evidence for the Court to form an estimate, because without such a foundation, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Batson v. Commissioner, T.C. Memo. 1982-78, aff'd, 740 F.2d 967 (6th Cir. 1984). In the case of gambling winnings and losses, taxpayers can substantiate their income and deductions by maintaining a contemporaneous log. See Schooler v. Commissioner, 68 T.C. 867, 871 (1977). Many taxpayers do not keep a detailed record of their wagering winnings and losses, but we do not treat taxpayers who claim to have sustained wagering losses more favorably than other taxpayers by allowing a deduction for wagering losses when the evidence is inadequate. Id.

**[\*7]** Petitioner did not track her winnings and losses. Although petitioner's Cash Recycled 2007 and Cash Ledger 2008 documents are useful in establishing the amounts petitioner brought to the casino each day for gambling, the documents do not show how much money she left with at the end of the day's gambling.

On the basis of the casino letters and other documents, as well as petitioner's oral explanations and the virtual certainty that she had slot machine losses during the years involved, Revenue Auditor Gore conceded that petitioner was entitled to deduct approximately 52% of her reported gambling losses for 2007, approximately 66% of her reported gambling losses for 2008, and all of her reported gambling losses for 2009, or approximately 70% of the aggregated reported gambling losses for the three years involved. The evidence in this case is not sufficient for us to hold that petitioner is entitled to deductions for gambling losses in amounts greater than those Revenue Auditor Gore conceded.

## II. Section 6662 Accuracy-Related Penalty

Section 6662(a) imposes a 20% penalty on that portion of an underpayment of tax attributable to, inter alia, negligence or disregard of rules or regulations, as provided in subsection (b)(1), or a substantial understatement of income tax, as provided in subsection (b)(2). Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Code. Sec. 6662(c);

[*8] ASAT, Inc. v. Commissioner, 108 T.C. 147, 175 (1997). Negligence includes the failure by the taxpayer to keep adequate books and records and/or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as a lack of due care or failure to do what a reasonable person would do under the circumstances. Olive v. Commissioner, 139 T.C. 19 (2012); see Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), aff'g 92 T.C. 1 (1989). The term "disregard" indicates any careless, reckless, or intentional disregard. Sec. 6662(c).

An understatement of income tax generally is equal to the excess of the amount of tax required to be shown in the tax return over the amount of tax shown in the return. Sec. 6662(d)(2)(A). The understatement for an individual is substantial if the understatement exceeds the greater of 10% of the tax required to be shown or $5,000. Sec. 6662(d)(1)(A).

The Commissioner bears the burden of production. See sec. 7491(c). To satisfy that burden, the Commissioner must produce sufficient evidence showing that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner has met his burden of production, the burden of proof remains on the taxpayer, including the burden of proving that

**[*9]** the penalties are inappropriate because of reasonable cause or substantial authority. Id. at 446-447.

Respondent has met his burden of production regarding petitioner's negligence in establishing: (1) petitioner deducted personal expenses, such as clothing, as Schedule C business expenses, and (2) petitioner failed to provide receipts or other substantiation regarding the disallowed gambling losses. Moreover, petitioner conceded substantial portions of the claimed Schedule C and Schedule E expenses.

Petitioner asserts she is not liable for accuracy-related penalties because she reasonably relied on Katha Evans, a paid return preparer. The section 6662(a) accuracy-related penalty does not apply with respect to any portion of an underpayment where the taxpayer shows that there was reasonable cause and that he/she acted in good faith with respect to that portion. Sec. 6664(c)(1). Reliance upon the advice of a tax preparer may establish reasonable cause and good faith. Qi v. Commissioner, T.C. Memo. 2008-200; see United States v. Boyle, 469 U.S. 241, 250 (1985). But such reliance is not an absolute defense; it is merely a factor to be considered. Freytag v. Commissioner, 89 T.C. 849 (1987), aff'd, 904 F.2d 1011 (5th Cir. 1990), aff'd, 501 U.S. 868 (1991); Qi v. Commissioner, T.C. Memo. 2008-200. A taxpayer must meet three requirements to use reliance on a

[*10] tax professional to avoid liability: (1) the adviser was a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Katha Evans did not testify at trial, and petitioner did not otherwise provide evidence of Ms. Evans' expertise. Nor did petitioner provide evidence as to the information she gave Ms. Evans. Moreover, petitioner failed to establish that she otherwise acted with reasonable cause and in good faith.

We thus hold petitioner was negligent and is liable for the section 6662(a) accuracy-related penalty.

To reflect the foregoing,

Decision will be entered under

Rule 155.